### AB WEAVER V. THE STATE.

No. 10191.   Delivered May 26, 1926.

Rehearing denied March 2, 1927.

**1.—Murder—New Trial—Misconduct of Jury—Properly Refused.**

Where, on a trial for murder, a juror testified on his voir dire examination that he did not know appellant, was accepted as a juror, and afterwards remembered that he had formerly had a difficulty with him.   If the diligence to discover the prejudice of the juror had been sufficient, we think that he should not have served on the jury.   The appellant knew of his prior difficulty with this juror when he was accepted, and presented no challenge, and will not, after verdict, be heard to complain that he was not a fair and impartial juror.   See Hueber v. State, 3 Tex. Crim. App. 458, and other cases cited.

### ON REHEARING.

**2.—Same—Statement of Facts—Failure to File—Reasons Insufficient.**

Where appellant's statement of facts was not filed within time, his effort to have same considered on appeal because the court stenographer did not furnish counsel with the statement of facts in proper time, does not appeal to this court as sufficient.  The showing is entirely too indefinite and general to justify us in setting aside the rule of the statute, and giving consideration to such statement of facts.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*Callicutt & Upchurch* and *Taylor & Howell* of Corsicana, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder and the punishment is five years in the penitentiary.

The statement of facts was not filed until more than ninety days after the notice of appeal was given and under the statute it cannot be considered. Sec. 5, Art. 760, 1925 Revision C. C. P.

In his motion for a new trial, appellant contends that he was not accorded an impartial jury as that term is defined in the decisions of this court, in that the juror Y. B. Reese was prejudiced against him. The court heard testimony on this issue, and the effect of the testimony was that he stated on his voir dire examination that he did not know the defendant and that he would give him a fair and impartial trial, but that later in the trial he discovered that the defendant was the same party with whom he had had a difficulty on a former occasion. The juror detailed this former difficulty, and if the diligence to discover the prejudice of the juror had been sufficient, we think that he should not have served on the jury. Huebner v. State, 3 Tex. Crim. App. 458; Long v. State, 10 Tex. Crim. App. 186; Sewell v. State, 15 Tex. Crim. App. 56; Pierson v. State, 18 Tex. Crim. App. 524; Lott v. State, 18 Tex. Crim. App. 630; Hughes v. State, 60 S. W. 563; Adams v. State, 245 S. W. 474.

The motion for a new trial, however, shows that the appellant knew at the time that he agreed to accept the juror Reese as one of his jurors, that Reese was the same party with whom he had had a difficulty. He certifies, however, in his motion that he had not told his counsel this fact. The record is insufficient to show that Reese was guilty of any misconduct when serving on the jury. The burden of appellant's complaint is not that he was guilty of misconduct, but that he was not impartial. We have examined the record very carefully and believe that the testimony of the jurors taken on the motion for a new trial

discloses no fact and reveals no situation that was not known to the appellant at the time he accepted the juror Reese. The testimony of said jurors is insufficient to show any more than that after the verdict had been reached and the penalty fixed by the jury, Reese then told the jury about his prior knowledge of the defendant and about his prior difficulty with him. It would hardly do to say that the fact that appellant failed to disclose to his counsel his past relations toward the juror Reese could be taken advantage of by him after the verdict had been rendered. The most meagre measure of diligence would have certainly required that he disclose to his counsel his prior knowledge of those summoned on his venire and failing to do this, he cannot be heard to complain that his counsel did not know of a prior difficulty that he had had with one of the jurors until after the verdict had been rendered. None of the cases cited by appellant in his brief and none we have examined go further than to hold that the fact that a prejudiced juror serves on a case where the appellant did not know of such prejudice and had used reasonable diligence to ascertain said fact is sufficient to warrant a new trial. In none of said cases is there a suggestion to the effect that appellant may fail to exercise proper diligence to ascertain the prejudice of the juror or that he may know of his prejudice and fail to challenge him and then complain of such prejudice after a verdict is rendered. The law of this state does not countenance an experimental trial. A party will not be permitted to speculate as to the result of taking a prejudiced juror and then complain because of the verdict rendered against him by the jury on which such prejudiced juror serves.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant presents two questions in his motion. He insists that we should give consideration to his statement of facts, notwithstanding same was filed after the expiration of the time allowed by statute, on the proposition that he has made sufficient showing that he was unable to procure the statement of facts and have same filed within said time. We

have carefully examined what purports to be the showing made by appellant's attorneys in this connection. The motion for new trial was overruled on December 26, 1925, and the document sworn to by appellant's attorneys as setting out their reasons for failing to have statement of facts filed merely states in general terms: "That thereafter on several occasions appellant's attorney requested of said court stenographer that he begin with the preparation of said statement of facts * * * and that said court stenographer promised that he would have said statement of facts ready." It is further stated "that finally said court stenographer was sick with the flu, or claimed to be." There is no other showing made in this regard. No affidavits or proof by any physician, or by the court stenographer himself of the fact that he was so ill as to be unable to work, are furnished, nor is there any specific or definite showing made or reason given why said statement of facts was not prepared prior to the time of such illness, if any. The showing is entirely too indefinite and general to justify us in setting aside the rule of the statute and giving consideration to such statement of facts.

The other ground ·of appellant's motion is that we erred in holding that he failed. to exercise proper diligence to ascertain the prejudice, if any, of the juror Reese, and in holding that appellant knew of the prejudice of such juror and failed to challenge him. We have carefully considered the argument advanced by appellant in connection with the testimony heard on the motion for new trial. All of the testimony tending to show that Reese entertained prejudice against appellant, related to acts and transactions and conversations had between appellant and Reese, which facts must of necessity have been as well known to appellant as to Reese. Appellant was present during the voir dire examination of juror Reese and volunteered no information concerning the matters which had occurred between himself and Reese. We regret that this court can not lay down rules governing such cases based on the varying intelligence and knowledge of the parties who might be involved. We can not say that this appellant did not know what his duties were in the matter of telling his attorneys what he knew, and that another party charged with crime should know. We can only lay down a rule of law applicable to such cases in general and enforce same as far as we can. See Lowe v. State, 88 Tex. Crim. Rep. 317, for extended discussion of the questions involved in this matter. We are unable to agree with either contention made by appellant, and the motion for rehearing will be overruled.

*Overruled.*