## DAMACIO FRANCO V. THE STATE.

No. 21186. Delivered January 15, 1941.

Rehearing Denied February 26, 1941.

The opinion states the case.

*Will A. Morriss,* of San Antonio, and *Arthur Gonzalez,* of Del Rio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of five years.

This is a second appeal of this case. For the former opinion, see Franco v. State, 132 Texas Cr. R. 164.

Appellant's main contention upon the present appeal is that the evidence is insufficient to warrant and sustain his conviction of murder with malice aforethought. It appears from the testimony adduced by the State that on the afternoon in question appellant and deceased met at a beer tavern in the town of Rocksprings. In a very short time after the deceased entered the tavern they became involved in a fist fight. The deceased, without any apparent cause, precipitated the fight by striking the first blow. They were separated by some of the customers. Appellant was escorted from the tavern by two friends while the deceased went to his home which was but a short distance away. Appellant left the scene of the difficulty, went to the home of a friend and asked to borrow a pistol but was told by

the friend that he had none. From there appellant went to his home, procured a pistol and then went to the home of the deceased, called him out to the street and invited him to go with him. After they had walked but a short distance appellant shot the deceased with a large caliber pistol. The bullet entered the body on the left side and made its exit near the spine and on a level with the point of entrance. The ground at the place where the shooting occurred indicated that a struggle or encounter had taken place.

Appellant took the witness stand and testified that when the deceased entered the tavern he immediately attacked him (appellant) and knocked him down without any cause or provocation. He admitted, however, that when he left the beer tavern, he went to the home of a friend to borrow a pistol and from there he went to his own home; that upon his arrival at home he found his family absent and concluded that they had gone to church. He then took a pistol from his trunk and started to look for his family; that while going up the street he met the deceased who again attacked him, whereupon he fired several shots at the deceased who immediately began to retreat.

Upon the facts as above related the jury found appellant guilty of murder with malice. Can we say, as a matter of law, that the evidence is insufficient to justify and sustain the jury's conclusion of appellant's guilt of murder with malice? We think not. To do so would be a usurpation by this court of the functions of the jury. If the jury had accepted the appellant's version of the unfortunate affair, they no doubt would have rendered a different verdict, but they evidently gave little, if any, credence to his testimony, which was in conflict with that adduced by the State.

The officers who arrested appellant soon after the fatal difficulty testified that they noticed but one bruised place on appellant's jaw, which he no doubt received in the first encounter at the beer tavern.

Appellant, in due time and form, filed a plea for a suspension of sentence in case of his conviction and supported the same by proof of a general good reputation as a quiet, peaceable law-abiding citizen. However, the jury declined to recommend the suspension of his sentence.

Appellant addressed a great number of objections to the court's charge. We have reviewed the same in the light of the objections and reached the conclusion that the charge, although

lengthy and somewhat verbose, is a fair and adequate application of the law to the facts. The court instructed the jury upon the law of murder with and without malice, upon the law of aggravated and simple assault, upon self-defense and upon the law relative to a suspension of sentence.

Appellant next complains of the action of the trial court in overruling his motion for a new trial based on misconduct of the jury in this: That the juror, George Gentry, misled him when on his voir dire examination he stated that he had no prejudice against appellant or his race, when in truth and in fact he did have; that if the juror had answered the interrogaties propounded to him by counsel for appellant truthfully and correctly his prejudice would have been disclosed and he would have challenged him. The record shows that both deceased and appellant were Mexicans. In addition thereto, appellant set up several other grounds in his motion upon which he sought a new trial. The court heard evidence relative to the matters urged as grounds for a new trial. Juror Gentry emphatically denied that he entertained any ill will or prejudice against appellant or his race. The trial court decided all controverted issues adversely to him, and the decision on questions of fact will not ordinarily be set aside unless an abuse of discretion is shown. All matters relating to the misconduct of the jury are addressed primarily to the discretion of the trial court. See Rogers v. State, 40 Texas Cr. R. 355 (358); Shaw v. State, 32 Cr. R. 155; Armstrong v. State, 34 Texas Cr. R. 248; Harris v. State, 40 Texas Cr. R. 8. The fact that the juror at one time had been a peace officer would not disqualify him. See Young v. State, 91 Texas Cr. R. 511. However, if appellant had interrogated the juror relative thereto, he might have discovered such fact, but there is nothing to show that he was questioned on the subject. We, therefore, overrule this contention.

Appellant, for the first time in this court, complains of the trial court's instruction to the jury to the effect that there was testimony adduced showing that appellant, some years prior to the commission of the alleged offense, was convicted of a misdemeanor and that if they considered said testimony at all, they could only consider it for the purpose of affecting his credibility as a witness. No objection was interposed by appellant to this charge. He contends, however, that it is fundamental error. We cannot agree with him in his contention. This was not such an instruction as violated a mandatory statute or vitally affected his defensive theory. It was but an instruction on a matter collateral or incidental to the case.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant in his motion vigorously attacks the fairness of a certain juror and offers affidavits of some of the jurors relative to proceedings had during the deliberations of the jury. Upon being placed upon the stand, the major portion of said jurors were not of much benefit to appellant's theory relative to their misconduct. Much of the matters set forth as misconduct impress us as a fair consideration of the testimony presented to the jury; and some of the allegations in the motion for a new trial seem to be an effort to allow the jury to impeach their own verdict. Such can not be done. See 29 Texas Digest, p. 270, Sec. 143.

The testimony relative to the unfairness of the juror and his alleged enmity to the race to which appellant belonged is brought before us in a question and answer form, covering eighty-five pages, and we find no statement in the trial court's approval thereof that it was necessary that same be submitted in such form.

However, suffice it to say, the matter relative to the prejudice of the juror was one that appealed largely to the discretion of the trial court. He saw the witnesses; he heard their testimony, and, under the conflicting and sometimes confusing testimony, surely he exercised his best judgment and was within his discretion when he overruled this motion for a new trial and refused to hold the juror an unfair or a prejudiced one.

We are of the opinion that the trial judge did not abuse the discretion confided in him by the law in overruling the motion for a new trial. See 4 Tex. Jur., p. 566, Sec. 396, from which we quote:

"A motion for new trial is addressed to the sound discretion of the trial court whose action thereon will not be disturbed on appeal save in those cases wherein the discretion has been abused. This is true whether the motion for new trial is made

for misconduct of the jury, for prejudice on the part of jurors, for disqualification of a juror, for refusal of a continuance or fer newly discovered evidence."

The motion for a rehearing will be overruled.