### TONY FRIAS V. STATE

No. 31,946. May 4, 1960
Appellant's Motion for Rehearing Overruled June 8, 1960

W. W. Holland, and J. Paul Pomeroy, Jr., Houston, for appellant.

Dan Walton, District Attorney, Samuel H. Robertson, Jr., Howell E. Stone, Assistants District Attorney, Houston, and Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 180 days in jail and a fine of $100.

The facts upon which the jury found appellant guilty and assessed the above punishment are not before us, there being no statement of facts.

The overruling of appellant's amended motion for new trial is the ground upon which reversal is sought. The testimony of four jurors at the hearing on said motion is brought forward.

The amended motion for new trial alleged that at least one juror took into consideration recent newspaper articles, punishment assessed and recommended in other cases, the failure or refusal of the defendant to submit to a blood test, and the failure of the defendant to testify.

A juror cannot impeach his own verdict by affidavit or testimony stating that in reaching his verdict he took into consideration the defendant's failure to testify. Edwards v. State, 155 Tex. Cr. R. 590, 238 S.W. 2d 537.

There was no allegation that any reference to appellant's failure to testify, or any discussion or mention of any of the various matters above mentioned, occurred during the jury's deliberation. The allegations in the motion appear to be nothing more than an effort to have the jurors impeach their own verdict. This cannot be allowed. Franco v. State, 141 Tex. Cr. R. 246, 147 S.W. 2d 1089; Stokes v. State, 165 Tex. Cr. Rep. 269, 305 S.W. 2d 779, and cases there cited.

The same is true as to the contention that one of the jurors showed prejudice by her testimony on the hearing of the motion for new trial.

It was also alleged in the amended motion for new trial that at least one juror was prejudiced before the trial against any person charged with drunken driving and concealed such prejudice during the voir dire examination.

Appellant concedes that there was no evidence that before the trial any juror had a prejudice.

The judgment is affirmed.