ROBERTS and ODOM, JJ., concur in the result.

**Robert R. RATLIFF and Ruby May Ratliff, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45577.**

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied March 14, 1973.

Glen Aaron, Jr., of Gray, Aaron & Dorsey, C. Adam Morriss, III, San Angelo, for appellants.

Frank C. Dickey, Jr., Dist. Atty., and Aaron Goldberg, Asst. Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The convictions are for felony theft. The punishment for Ruby May Ratliff,

five years imprisonment with the sentence probated and for Robert R. Ratliff, seven years imprisonment.

The appellants' brief suggests no ground of error relating to the conviction of Ruby May Ratliff and the sole ground of error advanced by Robert R. Ratliff is that the trial court erred in overruling his amended motion for new trial ". . . based on the ground that the jury during their deliberations considered the defendant's failure to testify as a circumstance against him."

The record before this court reflects that it was not timely filed as required by Art. 40.09, § 9, Vernon's Ann.C.C.P. but in the interests of justice the alleged ground of error will be considered and discussed under the provision of Article 40.09, § 13, V.A.C.C.P.

The appellant argues that the evidence at the hearing on the amended motion for new trial shows the jury considered as a circumstance against him his failure to testify in violation of Art. 38.08, V.A.C.C.P. and the Fifth and Fourteenth Amendments to the Constitution of the United States.

A recitation of some of the procedural facts is necessary to the discussion of this ground of error.

The appellants who were husband and wife were separately indicted. Counsel for Robert R. Ratliff filed a motion in limine alleging that he had been convicted for the felony offense of cattle theft and that the conviction was too remote to be admissible against him. A docket entry shows that the appellants agreed to be tried together.

During the guilt-innocence phase of the trial both appellants testified. During the hearing on the punishment phase of the trial Ruby May Ratliff testified before the jury in support of her motion that she be granted probation. Appellant did not testify at the hearing on punishment and apparently he did not seek a recommendation of probation from the jury being ineligible because of his prior conviction.

At the hearing on the amended motion for a new trial testimony of ten jurors who served was offered. When interrogated concerning whether the jury discussed the appellant's failure to testify the testimony was as follows: "Not that I recall." "I don't remember." "As far as I remember, I would say 'no,' but I am not positive." "I couldn't say for sure." "No, not that I recall." "If they did I didn't hear it." "Not to my knowledge; I don't recall any discussion." "I don't remember whether we discussed that or not." "I don't remember talking about that specific thing."

Two jurors were not specifically interrogated on this matter.

It is the State's position that the testimony of the jurors on the hearing of the amended motion for new trial was in conflict as to whether they discussed the appellant's failure to testify at the punishment stage of the trial. The State argued that therefore the trial court's order overruling the amended motion for new trial does not show an abuse of discretion and should not be disturbed on appeal.

The trial court is clothed with discretion in determining whether a new trial shall be granted on the ground that the jurors discussed the failure of the accused to testify in his own behalf, and an order denying the motion ordinarily will not be disturbed if the court has determined, on conflicting evidence, that the alleged misconduct did not in fact occur, or that the statement was made casually or incidentally. Brown v. State, 475 S.W.2d 938 (Tex. Cr.App.1972).

Under the record in this case the trial court did not abuse its discretion in refusing to grant the amended motion for new trial. Brown v. State, supra; Garza v. State, 368 S.W.2d 213 (Tex.Cr.App. 1963).

Having found that no jury misconduct was shown we need not decide whether a different rule should be applied where the

alleged jury misconduct, concerning a discussion of the accused's failure to testify, occurred after the punishment phase of the trial rather than the guilt-innocence phase.

The judgments are affirmed.

Opinion approved by the Court.