**Albert McMILLON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47597.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Laird Palmer, Austin, for appellant.

Robert O. Smith, Dist. Atty., Gerald C. Carruth, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This appeal is from a conviction by a jury of sale of heroin, a narcotic drug. Punishment was assessed at fifteen years.

Appellant does not raise any question of the sufficiency of the evidence.

It is appellant's contention in his first ground of error that Edith Roberts, a member of the jury, had prior to the trial had substantial contact with appellant in her profession as a practicing attorney at law, and had discussed with him while he was in jail the details of the case, but that on voir dire she had wrongfully concealed this, and had responded in the negative to the questions propounded to her by counsel for appellant whether she was acquainted with appellant or with the facts in the case. Appellant contends that as a result he did not have a fair trial with an impartial jury.

The record does not include a transcription of the voir dire of the jury panel.

A hearing was had before the court on the sworn allegations of the motion for a new trial. It was shown that Edith Roberts served on the jury trying the case, and that she was jury foreman. Appellant's aunt testified that on August 9, 1972, she went to Edith Roberts' office with appellant's mother, who wished to employ Roberts as his lawyer in this case. The witness stated that the mother discussed with Roberts the facts of the case. Appellant's step-father testified to substantially the same facts.

Appellant testified that on August 9, while he was in the Travis County Jail awaiting trial, Edith Roberts came to his cell and discussed his case with him. Appellant further testified at the trial, he did not inform his attorney of this conversation, although he recognized Mrs. Roberts as being one of the members of the jury panel. He stated that he did not object to having her on his trial jury.

The jailer testified that an admission card signed by Edith Roberts indicated that she had visited appellant in jail on August 9.

Mary Wilkov testified that she was appellant's employed attorney in the trial. She stated that when Edith Roberts was asked on voir dire if she knew the appellant, she responded in the negative. However, on cross-examination, she appeared not so sure of this, for she stated that Roberts may have answered that "I do not recall ever meeting the defendant." The witness also testified that when the panel was asked as a whole whether any one of them knew of the facts of or specific details of the case, there was no response from Mrs. Roberts. The witness said that at the time of the trial she had no knowledge of Mrs. Roberts being personally acquainted with any of the facts of the case, or of her having talked to appellant or his mother.

On cross-examination, the witness stated that she did not consult with appellant when she was striking her list of the jury panel, and that she never consulted any of her clients on making strikes.[1]

The State, with the consent of appellant and his counsel, introduced in evidence an affidavit of Edith Roberts. We copy as follows from such affidavit:

"I have never represented a black male named Albert McMillan. To the best of my knowledge, I have never met Albert McMillan. When I was questioned by Herman Gotcher, he said, 'Do you know the lawyers . . . do you know the Defendant?' I held up my hand and stated, 'I know all the lawyers and I do not recall ever meeting the Defendant.' To this day the Defendant Albert McMillan does not look familiar to me.

"The only knowledge I had of the facts of this case was gained during the actual trial. I did not talk to either attorney about the case before or during this trial. My position during the trial was as a juror, and I exercised great dil-

1. See and compare Weaver v. State, 106 Tex.Cr.R. 175, 291 S.W. 240.

igence in being as fair to the state and to the Defendant as was humanly possible.

"On the first ballot on guilty and innocent, I was the only one who voted, 'Not Guilty.' Eventually the jury agreed to a 'Guilty' verdict.

"In the second phase, when the jury went into the jury room to decide punishment, the first thing I sayd was, 'How do you feel about probation?' The jury members nearly had a fit. We then took a ballot, and I believe four (4) were for probation and the others voted for five (5) years to fifty (50) years to life. So we talked and talked—at least four (4) ballots were taken—but I do not recall the exact total of ballots except we thought we might run our (sic) of paper and would have to send for more. After each ballot was taken, they were tabulated by at least three (3) people, then torn up. Some of us eventually went up and some finally came down on the number of years. The vote was unanimous and by secret ballot. The jury conducted themselves fairly and I feel the punishment of fifteen (15) years was extremely fair."

The record does not reflect that at any time the juror Roberts served as attorney for appellant in this case.[2] The evidence does not reflect that the juror made an untrue or misleading answer to any question propounded on the voir dire examination. Appellant's attorney Wilkov did not negative the positive statement of juror Roberts that on the voir dire in reply to a question whether she knew "the Defendant," she answered, "I do not recall ever meeting him."

In Franco v. State, 141 Tex.Cr.R. 246, 147 S.W.2d 1089, 1092, in passing upon a ground of error alleging prejudice of a member of the jury, we said:

"We are of the opinion that the trial judge did not abuse the discretion confided in him by the law in overruling the motion for a new trial. See 4 Tex.Jur., p. 566 § 396, from which we quote: 'A motion for new trial is addressed to the sound discretion of the trial court whose action thereon will not be disturbed on appeal save in those cases wherein the discretion has been abused. This is true whether the motion for new trial is made for misconduct of the jury, for prejudice on the part of jurors, for disqualification of a juror, for refusal of a continuance or for newly discovered evidence.'"

See also, Ratliff v. State, Tex.Cr.App., 490 S.W.2d 844.

■■ If an issue of fact was raised at the hearing on the motion for new trial, the trial judge was the trier of the facts, and it is apparent from his ruling that he accepted the testimony of juror Roberts as contained in her affidavit. Brown v. State, Tex.Cr.App., 475 S.W.2d 938. We find no abuse of discretion.

Furthermore, appellant McMillon testified that he recognized juror Roberts during the voir dire examination, but did not tell his trial attorney of his conversation with her. He said he didn't think it was his place to say anything about it because that was what he hired a lawyer for.

A similar situation existed in Weaver v. State, 106 Tex.Cr.R. 175, 291 S.W. 240. The defendant had prior to the trial had a difficulty with one of the members of the

2. This is not a case where appellant relies on misconduct in the deliberations of the jury. When the State, at the hearing on the motion for new trial, objected to the introduction of evidence because no affidavit of any juror was attached to the motion, appellant's counsel replied: "Your Honor, the motion is not for jury misconduct. When it's on the qualifications of the jury in that regard, it is not required." Article 40.03, Vernon's Ann. C.C.P.; Howard v. State, Tex.Cr.App., 484 S.W.2d 903; Mendoza v. State, Tex.Cr.App., 442 S.W.2d 690.

jury panel, but did not advise his attorney of such fact. This individual was accepted as a juror. The record on appeal was insufficient to show misconduct. This Court, in affirming the judgment, said:

"The most meager measure of diligence would have certainly required that he disclose to his counsel his prior knowledge of those summoned on his venire, and failing to do this, he cannot be heard to complain that his counsel did not know of a prior difficulty that he had had with one of the jurors until after the verdict had been rendered . . . A party will not be permitted to speculate as to the result of taking a prejudicial juror and then complain because of the verdict against him by the jury on which such juror serves." See, also, opinion on motion for rehearing, 291 S. W., page 242.

The evidence on the hearing did not reflect that juror Roberts was prejudiced against appellant, or that he was harmed in any way by her as a member of the jury. According to her affidavit, she was the only juror who voted not guilty, and on the punishment stage the first to recommend probation. The evidence reflects that she was instrumental in keeping the punishment from being greater than that finally reached by the jury.

The trial court did not abuse his discretion in overruling appellant's motion for a new trial, and the first ground of error is overruled.

Appellant, in his second ground, alleges error in the court's failure to submit his requested charge on alibi. The record does not reflect that appellant requested in writing that the jury be given an instruction on alibi, or that he objected in writing to the court's charge. Nothing is presented for review. Articles 36.14, 36.15, V.A. C.C.P.; Vaughn v. State, Tex.Cr.App., 500 S.W.2d 510.

The judgment is affirmed.

Opinion approved by the Court.