Richard Cody BUENTELLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–88–0185–CR.

Court of Appeals of Texas,
Amarillo.

May 9, 1989.

Rehearing Denied June 5, 1989.

John E. Terry, Amarillo, for appellant.

Danny Hill, Dist. Atty., Jon R. Waggoner, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Richard Cody Buentello brings this appeal from his conviction of voluntary manslaughter and the consequent jury-assessed punishment of twenty years confinement in the Department of Corrections and an accompanying fine of $10,000. In three points of error, appellant says the trial court reversibly erred in (1) failing to grant a new trial because of (a) jury misconduct in the discussion of parole law; (b) jury misconduct in receiving and discussing improper evidence during its probation deliberations; and (3) failing to grant his motion for instructed verdict based on a fatal variance between the allegations in the indictment and the trial proof regarding the instrumentality used to cause the death of the victim. We disagree with these contentions and affirm the judgment of the trial court.

Disposition of appellant's first two points requires that we initially resolve the question as to the applicability of Texas Rule of Criminal Evidence 606(b). That rule provides:

> (b) Inquiry into Validity of Verdict or Indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify as to any matter relevant to the validity of the verdict or indictment. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Prior to September 1, 1986, the effective date of Rule 606(b), grounds for a new trial in felony cases were found in Texas Code of Criminal Procedure Annotated article 40.03. Although that article was repealed by the adoption of the Texas Rules of Appellate Procedure, effective September 1, 1986, the substance of the article is carried forward in Rule 30(b) of the Rules of Appellate Procedure. Both Rule 30(b) and former article 40.03 provide for a new trial for such jury misconduct as quotient verdicts, corrupt conduct, receiving other evidence, conversing with a person about the case after deliberations have begun, intoxication of a juror, and any other misconduct which the trial judge believes caused the accused not to receive a fair trial.

Rule 606(b) is worded in a rather convoluted manner, particularly considering the "except" clause which at first blush appears to negate the preceding portion of the rule which otherwise would prohibit jurors from testifying about events inside the jury room. However, considering the rule in accordance with the axiom that such enactments, if possible, be construed in such a manner as to give effect to all its parts in a harmonious manner, we conclude that the "except" clause is meaningful only if it is considered as a reference to Rule 30(b) and the case law developed under its predecessor. Those, of course, are the cases setting out the basis for granting a new trial.

Viewed in this light, Rule 606(b) would prohibit jurors from impeaching their verdict by affidavit or testimony about their mental processes during deliberations except as relevant to an *overt act* of jury misconduct. *See Daniels v. State*, 600

S.W.2d 813, 816 (Tex.Crim.App. [Panel Op.] 1980); *Frias v. State,* 169 Tex.Crim. 549, 335 S.W.2d 765 (1960). We conclude that the law in the area of jury misconduct was not changed by Rule 606(b). Therefore, we must look to prior case law in the disposition of appellant's contentions.

Reiterated, in his first point, appellant argues that during its punishment deliberations, the jury discussed the parole law. This, he claims, entitled him to a new trial in accordance with the provisions of Texas Rule of Appellate Procedure 30(b), paragraphs 7 and 8. These sections mandate the granting of a new trial if the jury, after retiring to deliberate, receives other evidence or engages in such misconduct that the accused has not received a fair and impartial trial. In their essentials, the two sections are the same as the same numbered sections of former Texas Code of Criminal Procedure Annotated article 40.-03.

■ In considering the effect of such discussion under former article 40.03(8), the Court of Criminal Appeals has held that while any discussion of parole by the jury is misconduct, that misconduct does not necessitate a new trial unless it operates to deny the defendant a fair trial. *Williams v. State,* 675 S.W.2d 754, 757 (Tex.Crim. App.1984). Denial of a fair trial is demonstrated by a showing that "even a single juror" voted for an increased punishment because of an improper discussion. *Id.* at 757–58.

In the seminal case of *Sneed v. State,* 670 S.W.2d 262 (Tex.Crim.App.1984) (on Court's own Motion for Rehearing), the Court explicated a five-prong test by which to measure the sufficiency of a showing of reversible discussion. That test requires:

(1) a misstatement of the law

(2) asserted as a fact

(3) by one professing to know the law

(4) which is relied on by other jurors

(5) who for that reason changed their vote to a harsher punishment.

*Id.* at 266.

■ We believe the *Sneed* test is analogous and applicable to the question before us. Parenthetically, we do note that (8) of former article 40.03 did, within itself, specifically provide for use of jury testimony to determine the question of jury misconduct, while its successor, paragraph 8 of Rule 30(b), does not. However, for the reasons expressed above, we think the purpose of the "except" clause of Texas Rule of Criminal Evidence 606(b) was to allow the use of juror testimony to determine a question of juror misconduct in the discussion of parole law. We must, therefore, examine the juror testimony presented in this case.

■ The only juror testimony at the new trial hearing was presented by appellant and was the testimony of jurors Dowd and Montgomery. Montgomery said juror Norris "stated that he had known people ... that ... got 10 years, and they were out in two, with no problem." She also said that juror Gaines discussed life imprisonment and opined as if she "actually knew" that "if he (appellant) got 20 years, which she was not happy about in the first place, that he would not do more than two. That he would get out on good behavior is how she stated it to us." Montgomery also testified that juror Norris agreed with Gaines, expressing his opinion that appellant would be "out in two years, three at the very most." She also agreed that although she continued to feel that appellant should be given probation, subsequent to the discussion, "when it became obvious that no one was going to able (sic) to agree on probation," the discussion did "influence" her in arriving at the twenty-year verdict.

Juror Dowd also testified that there was some discussion of the parole law during the jury deliberations. He recalled that Gaines "made the comment that if you give a person 20 years, oh, they'll be out within one to five years." Dowd also stated that juror Norris also made comments directed towards "good behavior" time to the effect that on a twenty-year sentence, one to five years would be the actual service time. Dowd also described other comments, the consensus of which was that a full twenty years would not be served but "to do" time would be "anywhere from, oh, one year to

ten years." He further opined that the comments by Norris and Gaines influenced him in voting for a higher verdict. On cross-examination, he agreed that if appellant did five years that was "all right" with him and consistent with what he thought a twenty-year sentence would produce.

We must not only bear in mind the *Sneed* rule, but also the well established general rule that after hearing juror testimony, a trial judge's disposition of a motion for new trial may not be disturbed on appeal absent an abuse of his discretion. *McCartney v. State,* 542 S.W.2d 156, 162 (Tex.Crim.App. 1976). Particularly in view of the fact that there was no testimony that any juror professed to actually know the law concomitantly with a factual misstatement of that law, we find no abuse of discretion by the trial judge in overruling the motion for new trial. *See Beck v. State,* 573 S.W.2d 786, 791 (Tex.Crim.App. [Panel Op.] 1978). Appellant's first point is overruled.

In his second point, appellant argues that the jury's receipt of "other evidence," *i.e.,* personal experiences concerning probation, caused reversible error. Again, we must review the testimony of jurors Dowd and Montgomery at the hearing on the motion for new trial.

Montgomery stated that she recalled two jurors discussing personal experiences concerning probation. Statements were made that appellant, if put on probation, would be "scot free, that he would go back and do this again" based on the two jurors' experiences with family members or friends who had been on probation. Montgomery said these discussions, lasting about an hour, had an influence on her. Prior to the discussions, she had favored probation. She did not state that she changed her mind about favoring probation after the discussions. Juror Dowd testified to essentially the same comments being made by the other jurors as to their personal observations of people on probation.

In order to be entitled to a new trial based on a claim that the jury received "other evidence," the defendant must establish both that such evidence was in fact received and that the evidence was detrimental. *Bennett v. State,* 742 S.W.2d 664, 676 (Tex.Crim.App.1987). It is the character of the "other evidence" received by the jury that controls the determination of whether such evidence was detrimental to the defendant. *Aguirre v. State,* 683 S.W.2d 502, 514 (Tex.App.—San Antonio 1984, pet. ref'd).

The court's charge on punishment instructed the jury to determine if appellant should be granted probation. The charge set out the circumstances under which probation may be granted and the conditions of probation which the court might impose upon appellant. The issue of probation, as well as the terms and conditions thereof were, therefore, properly before the jury.

The testimony of the two jurors outlines specific references to the "easy time" probationers lived under while serving on probation. Neither juror testified that the discussion caused a change in vote, although influence was acknowledged by the revelation of personal experience of these jurors with other probationers.

We find no abuse of discretion in the trial court's denial of the motion for new trial on the basis of introduction of "other evidence." *See Fielder v. State,* 683 S.W. 2d 565, 572–73 (Tex.App.—Fort Worth 1985), *rev'd on other grounds,* 756 S.W.2d 309 (Tex.Crim.App.1988). Appellant's second point is overruled.

In his third point, appellant argues that the trial court erred in denying his motion for instructed verdict because there was a fatal variance between the allegations contained in the indictment and the proof at trial. In particular, appellant complains that the State elicited testimony that appellant struck the victim with a shovel, instead of with a stick, as alleged in the indictment.

The indictment in this case read, in pertinent part, as follows:

   that [appellant] did then and there intending to cause serious bodily injury to an individual, [the victim], commit an act clearly dangerous to human life, to-wit: by striking the said [victim] with his

hands and with a deadly weapon, to-wit: a stick, thereby causing the death of said individual,....

Our review of the record indicates, and the State concedes as well, that testimony was given that appellant was observed chasing and hitting the victim with a shovel. However, the record also evinces testimony by the appellant that, while chasing the victim, and after jumping over a fence, he picked up a stick, "[o]ne of them old tree limbs, like a switch" and that he hit the victim with the "switch" in self-defense. Appellant's written statement, introduced into evidence, stated that at one point during the fight he picked up a rake to use as a weapon, but that he picked up a stick or tree limb and "kept after him [the victim]" and hit him with it several times.

Appellant's reliance on *Franklin v. State*, 659 S.W.2d 831 (Tex.Crim.App.1983), and *Smith v. State*, 732 S.W.2d 440 (Tex. App.—Beaumont 1987, pet. ref'd) does not aid his argument in the case at bar. *Franklin* involved an indictment for theft by receiving, wherein the State failed to put on any evidence that the appellant knew the property was obtained from the victim, as it had alleged in the indictment. 659 S.W.2d at 834. As noted above, in this case the appellant himself testified to his use of a stick in hitting the victim. *Smith* involved an indictment which alleged that the appellant threatened and placed the complainant "in fear of imminent bodily injury and death by causing her to believe that he had a firearm." The Court reversed the cause, noting particularly that the State failed to prove this "additional" allegation as to the belief that Smith had a firearm, and that the complainant by her testimony had, in fact, disproved that allegation. 732 S.W.2d at 442. That is not true in this case.

Finding no error in the trial court's overruling of appellant's motion for instructed verdict on the basis of a fatal variance between the allegation in the indictment and proof at trial, we overrule appellant's third point.

All of appellant's points having been overruled and finding no reversible error, the judgment of the trial court is affirmed.