Perez v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-160-CR

     FRANCISCO XAVIER PEREZ,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 29389
                                                                                                    

O P I N I O N
                                                                                                    

      On July 16, 1993, a jury convicted Francisco Xavier Perez of Felony Driving While
Intoxicated. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1(e) (Vernon Supp. 1994). The court
assessed punishment at confinement in the Texas Department of Criminal Justice-Institutional
Division for five years and $2,000 fine. Perez appeals that conviction on one point.
      Perez's point states: "The trial court erred in denying appellant's motion for a new trial
because the evidence was insufficient to support a conviction of Felony Driving While
Intoxicated." As the point is stated, we should judge this appeal under the "abuse of discretion"
standard in reviewing the trial court's act in denying Perez's motion for a new trial. A motion for
new trial is addressed to the sound discretion of the trial court whose action will not be disturbed
on appeal except in those cases where the discretion has been abused. McMillon v. State, 505
S.W.2d 872, 874 (Tex. Crim. App. 1974). Perez asks us to reverse his conviction and order an
acquittal or, in the alternative, "reverse said conviction and remand . . . for a new trial." Rule
32 states in part: "Granting a new trial restores the case to its position before the formal trial,
including, at the option of either party, arraignment or pretrial proceedings initiated by that party." 
Tex. R. App. P. 32. The proper disposition upon granting a new trial is to restore the case to its
position before the former trial by setting aside the verdict and vacating the trial court's judgment. 
Ex parte Lofton, 777 S.W.2d 96, 97 (Tex. Crim. App. 1989). However, because both Perez and
the State address the point as sufficiency of the evidence, we will address the point in a like
manner.
      In reviewing the sufficiency of the evidence, the court looks at the evidence in the light most
favorable to the verdict to determine if any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19,
99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). We have only the discretion to determine if any
rational trier of fact, considering the evidence admitted at trial, could have found the essential
elements of the offense beyond a reasonable doubt. See Rodriguez v. State, 819 S.W.2d 871, 873
(Tex. Crim. App. 1991); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). Perez
incorrectly argues that his conviction cannot be sustained "if the circumstances do not exclude
every other reasonable hypothesis except that of guilt of the Defendant." The Court of Criminal
Appeals has expressly rejected this standard as a method of appellate review. Geesa v. State, 820
S.W.2d 154, 161 (Tex. Crim. App. 1991). Accordingly, we will review the verdict under the
Jackson standard. 
      Perez was convicted of Felony Driving While Intoxicated. The offense of driving an
automobile upon a public highway while intoxicated consists of two elements—intoxication and
driving upon a highway in such condition. Ex parte Ross, 522 S.W.2d 214, 217 (Tex. Crim.
App.), cert. denied, 423 U.S. 1018, 96 S.Ct. 454, 46 L.Ed.2d 390 (1975). Additionally, in order
to prove the felony enhancement, the State must show that Perez was convicted of driving while
intoxicated twice before. 
      The State presented four witnesses to prove its case-in-chief. The first witness was William
Bailey, an investigator for the Johnson County Sheriff's Department who is certified in latent-print
identification. Investigator Bailey testified that the prints taken from Perez, when compared with
the prints taken from State's Exhibits #1 and #2, revealed that they were prints from the same
person. State's Exhibits #1 and #2 were Perez's prior judgments for driving while intoxicated. 
The State thus established a prima facie case of proof as to each prior conviction used for
enhancement through the documents and testimony of Investigator Bailey. See Johnson v. State,
725 S.W.2d 245, 247 (Tex. Crim. App. 1987). Perez did not challenge this evidence.
      Next, Officer Todd Ward testified that he was a police officer for the City of Keene and
identified Perez as the person he arrested on November 8, 1992, for driving while intoxicated—the
offense on trial. Ward stated that he observed Perez's vehicle on U.S. Highway 67 and that his
radar showed the vehicle moving at 70 mph in a 55 mph zone. Officer Ward testified that, during
the pursuit, Perez's vehicle swung "radically wide and went across the yellow line" and then made
a "radical move back into its lane of traffic." After pulling Perez over, Ward smelled a strong
odor of alcoholic beverage coming out the window. Ward administered three separate field
sobriety tests after which he concluded that Perez was intoxicated.
      Perez counters that Ward's testimony shows that Perez's speech was average, he swayed
slightly, had no loss of balance, answered all questions intelligently, and was very cooperative.
      Officer Chris Spieldenner, a certified intoxilizer operator, next testified that he administered
an intoxilizer test that showed Perez had more than a 0.10 breath alcohol level. Officer Bob
Browder, a certified technical supervisor and Spieldenner's supervisor, later testified that the
reference sample he prepared showed the intoxilizer was functioning properly.
      Perez called one witness to dispute the intoxilizer evidence. John Castle, owner and
laboratory director of a private forensic science laboratory in Dallas, testified as an expert that
there were at least nineteen errors associated with the Intoxilizer 5000. Castle testified that "a
person can literally be drunk and pass this test and another person can be absolutely sober and fail
this test."
      The trier of fact is the sole judge of the weight and credibility of the evidence and may believe
or disbelieve all or any part of any witness' testimony. Williams v. State, 692 S.W.2d 671, 676
(Tex. Crim. App. 1984). Once the evidence was admitted, the jury was free to weigh the evidence
and attach significance to the testimony as they saw fit. Under the Jackson standard, we do not
position ourselves as a thirteenth juror in assessing the evidence; rather, we position ourselves as
a final, due-process safeguard ensuring only the rationality of the factfinder. See Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
      Applying the Jackson standard, we find that when the evidence is viewed in light most
favorable to the verdict, a rational fact-finder could have found the essential elements of the crime
beyond a reasonable doubt. See Jackson, 443 U.S. at 319. Based on Ward's testimony alone,
evidence was admitted which would allow a rational jury to conclude that Perez was driving while
intoxicated. Ward's testimony about Perez's high rate of speed, erratic driving, failed field
sobriety tests, and the smell of alcohol was sufficient evidence to allow a jury to find Perez guilty
beyond a reasonable doubt. Additionally, the evidence regarding felony enhancement was
uncontroverted. We affirm.
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 30, 1994
Do not publish