**The STATE of Texas, Appellant,**

v.

**Richard Wesley VINSON, Appellee.**

**No. 10–99–021–CR.**

Court of Appeals of Texas,
Waco.

Nov. 3, 1999.

Travis B. Bryan, III, Youngkin, Catlin, Bryan & Stacy, Bryan, David S. Barron, Bryan, for appellant.

James M. Kuboviak, County Atty., Bryan, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**OPINION**

VANCE, Justice.

Richard Wesley Vinson was convicted of driving while intoxicated. He was sentenced on October 23, 1998. He timely filed a motion for new trial, which was heard on January 6, 1999, the seventy-fifth

day after Vinson was sentenced. The judge announced in open court that he would "grant" the new trial. He signed and dated an order, which appears as follows:

On this ___6th___ day of ___January,___ 1999, the Court having considered the foregoing *Motion for New Trial,* hereby (GRANTS/DENIES) said motion.

/s

JUDGE PRESIDING

On January 14, the State gave notice of appeal. An order *nunc pro tunc* explicitly granting a new trial was signed on February 24.[1] The State asserts, however, that the motion for new trial was overruled by operation of law at the expiration of the seventy-five day time period allowed by Appellate Rule 21.8(b). TEX. R. APP. P. 21.8(b).

 Each of the blanks on the order is appropriately filled in and the judge signed the order, but the word "grants" is not circled nor is the word "denies" scratched out. Thus, the order neither grants nor denies the motion for new trial.

 Because this cannot be said to be a written order granting the motion for new trial as required by Rule 21.8(b), the motion was overruled by operation of law on the seventy-fifth day. *See id.* ("The granting of a motion for new trial must be accomplished by written order. A docket entry does not constitute a written order."). A motion not timely ruled on by written order is deemed denied 75 days after imposing or suspending sentence. *Id.* 21.8(c). Anything other than a written order ruling on a motion for new trial is effectively a nullity and the motion is overruled by operation of law.

 Vinson did not perfect an appeal. Because the order did not grant a new trial and the State did not assert any other permissible ground for appeal, the State

cannot appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp. 1999) (permitting the State to appeal some matters). The judgment of conviction is final. Thus, we dismiss this appeal for want of jurisdiction.

---

1. Vinson concedes that the order *nunc pro tunc* was ineffective because it was signed after the record had been filed in this court.

Rule 25.2(e) prohibits the trial court from acting after the record is filed in the appellate court. TEX. R. APP. P. 25.2(e).