In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-013 CR


____________________



JUAN GUERRERO III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. CR 24188






 MEMORANDUM OPINION 


 Juan Guerrero III appeals his conviction for aggravated sexual assault of a child who
was younger than fourteen. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (Vernon
Supp. 2005). The jury assessed a twenty-five year prison sentence and a $10,000 fine. 
Guerrero raises five issues on appeal. We affirm. 


Background

 On September 21, 2003, Alisa Cook discovered her thirteen-year-old daughter, L.W.,
in bed with Guerrero at his apartment. On the same day, Cook took L.W. to the hospital for
a physical examination. A sexual assault nurse examined L.W. and testified at trial that the
victim reported having oral and vaginal intercourse with Guerrero two days earlier. The
nurse stated that L.W. had vaginal tears and abrasions that were consistent with having had
sexual relations in the last one to four days. The police subsequently interviewed Guerrero
and charged him with two counts of aggravated sexual assault. One allegedly occurred on
September 19, 2003, two days before Cook found Guerrero and L.W. together in his
apartment. The other allegedly occurred in July 2003. 

 L.W. acknowledged at trial that she lied to Guerrero about her age before their first
sexual encounter. She contended she told Guerrero she was sixteen. While Guerrero
admitted that he learned L.W. had lied about her age shortly after he first had sexual relations
with her, Guerrero maintained he thought L.W. was seventeen.

 Mistake of Fact


 Issues one and four relate to Guerrero's alleged mistaken belief that L.W. was
seventeen. In issue one, Guerrero argues the trial court erred by denying his request for the
jury charge to include a "mistake of fact" instruction. In issue four, Guerrero asserts that the
trial court erred when it prevented him from arguing to the jury that his mistake negated his
guilt. 

 Issue one argues that Guerrero's mistaken belief about L.W.'s age is a defense that
the trial court should have included as a charge instruction for the jury to consider. However,
Section 22.021 of the Texas Penal Code states that a person commits aggravated sexual
assault of a child when engaging in sexual contact with a person younger than fourteen years
of age. See Tex. Pen. Code Ann. § 22.021(a)(2)(B). Neither the statute nor cases
interpreting it require the State to show the actor knew the victim's age when prosecuting
sexual offenses committed against children. See Vasquez v. State, 622 S.W.2d 864, 865
(Tex. Crim. App. 1981); Grice v. State 162 S.W.3d 641, 646 (Tex. App.- Houston [14th
Dist.] 2005, pet. ref'd); Jackson v. State, 889 S.W.2d 615, 617 (Tex. App.- Houston [14th
Dist.] 1994, pet. ref'd). Thus, the trial court properly refused to submit an instruction on
mistake of fact here. We overrule issue one.

 Issue four also concerns Guerrero's "mistake of age" argument. He contends that the
statute allows a victim "to lie about her age without repercussion" and that in such
circumstances, the trial court should allow the jury to disregard the statute. Guerrero
maintains that the trial court's instruction for the jury to consider only the facts and the law 
before it prevented him from arguing that the law did not apply to him because of his
mistaken belief about L.W.'s age. 

 However, proper jury argument in criminal cases must either: (1) summarize the
evidence presented at trial, (2) draw reasonable deductions from that evidence, (3) answer
opposing counsel's arguments, or (4) make a plea for law enforcement. Jackson v. State, 17
S.W.3d 664, 673 (Tex. Crim. App. 2000). Guerrero's proposed argument - that the jury
should disregard the statute - falls in none of the permissible categories. Rather, it is an
argument that the jury should not enforce the law or, in effect, that the jury should nullify the
statute.

 While juries have the power to nullify, a defendant has no right to a jury that will
nullify. See Ramos v. State, 934 S.W.2d 358, 367 (Tex. Crim. App. 1996). Though "jury
nullification may exist as a part of our justice system, it is not a legal standard and is not a
constitutional right of the defendant. The court's duty is to instruct the jury on the law[.]" 
Mouton v. State, 923 S.W.2d 219, 221-22 (Tex. App.- Houston [14th Dist.] 1996, no pet.). 
We find the trial court did not err in instructing the jury to consider only the facts and law 
before it. We overrule issue four.

Jury Selection 


 Guerrero complains in issue two the trial court erred in denying his challenges for
cause against three venire members who could not consider the full range of punishment in
a case charging a defendant with aggravated sexual assault of a child. Guerrero contends the
denial of his challenges for cause prejudiced him because he used peremptory strikes on
these panel members. 

 To preserve a complaint that the court abused its discretion in refusing to strike a juror
for cause, a defendant must: (1) use a peremptory challenge to strike the challenged,
disqualified venire member, (2) exhaust all remaining peremptory challenges, and (3) request
and be denied an additional peremptory challenge, which he claims he would use on another
specific venire member whom he identifies as "objectionable" and who actually sits on the
jury. See Escamilla v. State,143 S.W.3d 814, 821 (Tex. Crim. App. 2004). Under these
conditions, the defendant suffers harm because he had to use a peremptory challenge to
remove a venire member that the trial court should have removed for cause. Id. Thus, the
defendant wrongfully loses one of his statutory, peremptory challenges. Id.

 Guerrero claims he objected to three venire members who were "obviously not
qualified to serve." He contends that these jurors could not consider the minimum penalty
of five years' probation in a case involving aggravated sexual assault of a child, even if the
facts warranted such a sentence. The record shows that Guerrero failed to preserve error on
this point. He did not request additional peremptory challenges and did not identify which
jurors he would have struck if the trial court had granted additional strikes. See id. We
overrule issue two.


Exclusion of Evidence


 In issue three, Guerrero asserts the trial court erred in limiting his cross-examination
of the sexual assault nurse who examined L.W. Guerrero complains the trial court allowed
the State to offer evidence of L.W.'s recent vaginal abrasions as proof of his guilt. However,
the trial court did not allow him to ask about L.W.'s prior sexual activity to explain her recent
injuries and the presence of old scarring. 

 Rule 412, commonly known as the "rape shield law," precludes reputation or opinion
evidence of an alleged sexual assault victim's past sexual behavior, except in certain
instances. Tex. R. Evid. 412 (1)
; see Fox v. State, 175 S.W.3d 475, 487 (Tex. App.- Texarkana
2005, pet. ref'd). Even if a specific instance exists, however, the rule prohibits introduction
of the evidence unless its probative value outweighs the danger of unfair prejudice. Tex. R.
Evid. 412(b)(3). 

 Guerrero asserted that L.W. could be protecting someone else and thus exhibiting a
bias or motive sufficient to allow evidence of her past sexual behavior. At trial, however, 
Guerrero admitted that he and L.W. had sexual intercourse at a motel during July 2003. As
to the offense allegedly occurring on September 19, 2003, Guerrero stated that he did not
remember if he and L.W. had sex then because he was drunk. Guerrero does not allege there
is any evidence controverting L.W.'s testimony that they had sexual intercourse on
September 19, 2003. Further, Guerrero does not explain how the probative value of 
evidence of the child's past sexual behavior outweighs the danger of undue prejudice under
the circumstances presented here. See Cooper v. State, 959 S.W.2d 682, 685 (Tex. App.-
Austin 1997, pet. ref'd) (holding evidence's probative value did not outweigh the danger of
undue prejudice when record contains "virtually uncontroverted evidence" that defendant
admitted having intercourse with the victim and evidence that victim fabricated her story was
"tenuous at best"). Thus, Guerrero fails to show that the trial court abused its discretion in
excluding the evidence. See Montgomery v. State, 810 S.W.2d 372, 381 (Tex. Crim. App.
1990) (applying abuse of discretion standard of review to trial court's decision to exclude
evidence). We overrule issue three. 

Juror Misconduct/Duty to Inform


 In issue five Guerrero asserts: (1) a juror did not disclose during voir dire that she
knew L.W. and (2) the trial court erred by not informing him the juror knew the victim.
Guerrero complains that the State was aware that the juror was L.W.'s former teacher and
that the juror informed the court during trial that she knew L.W. However, Guerrero
maintains that he did not learn about this information until after trial. 

 "Under Texas law, the defendant must show that the juror withheld material
information during voir dire, and the information is withheld despite due diligence exercised
by the defendant." Franklin v. State, 138 S.W.3d 351, 355-56 (Tex. Crim. App. 2004). 

But, the court does not consider a juror's failure to reveal material information as "withheld"
unless defense counsel's questions triggered a duty on the juror's part to respond during voir
dire. Armstrong v. State, 897 S.W.2d 361, 363-64 (Tex. Crim. App. 1995). 

 At voir dire, neither the prosecution nor the defense questioned the venire panel about
their knowledge of L.W. Instead, the parties used "Jane Doe" as a pseudonym to protect
L.W.'s identity. The record does not show that L.W. was present at voir dire; so the
attorneys did not ask panel members to identify her visually. Although Guerrero's attorney
asked if the venire members knew "Alisa Cook," he failed to identify Cook as L.W.'s mother
or let the panel members know of other surnames by which they might know Cook. Because
Guerrero's counsel failed to question the jurors adequately about possibly knowing the
victim, Guerrero cannot now complain that a juror withheld this information. Id. 

 According to Guerrero, it was at the hearing on his motion for new trial when he first 
learned that a juror told the trial court, during the course of the trial, that she knew L.W. 
However, the court did not hold the motion for new trial hearing until after the trial court's 
plenary power had expired. See Tex. R. App. P. 21.8. (2) Thus, Guerrero's Motion for New
Trial was overruled by operation of law before the hearing. State v. Vinson, 6 S.W.3d 704 
(Tex. App.- Waco 1999, no pet.). 

 Further, we may not consider any evidence developed at Guerrero's motion for new
trial hearing because the hearing occurred after the trial court lost jurisdiction. Texas law
requires strict compliance with procedural rules governing new trial motions in criminal
cases in order for the trial court to have jurisdiction to consider the motion. Parmer v. State,
38 S.W.3d 661, 666 (Tex. App.- Austin 2000, pet. ref'd) (citing Oldham v. State, 977
S.W.2d 354, 361 (Tex. Crim. App. 1998); Drew v. State, 743 S.W.2d 207, 223 (Tex. Crim.
App. 1987); Stone v. State, 931 S.W.2d 394, 396 (Tex. App.- Waco 1996, pet. ref'd)). Any
"hearing conducted after the motion for new trial has been overruled by operation of law is
not authorized and will not be considered on appeal." Parmer, 38 S.W.3d at 667. When, as
here, a trial court is without jurisdiction to hear a motion for new trial, any facts developed
in the hearing may not be considered on appeal. Id. (citing Laidley v. State, 966 S.W.2d 105,
107-08 (Tex. App.- Houston [1st Dist.] 1998, pet. ref'd) and Adams v. State, 765 S.W.2d 479,
481 (Tex. App.- Texarkana 1988, pet. ref'd)). Thus, Guerrero has not shown that the trial
court erred, and we do not determine if the trial court improperly conversed with the juror. 
See Tex. Code Crim. Proc. Ann. art. 36.22, art. 36.27 (Vernon 1981). Issue five is
overruled.

 Having overruled all of Guerrero's issues and arguments, we affirm the trial court's
judgment.

 AFFIRMED. 


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on November 10, 2005

Opinion Delivered May 3, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The specific instances are when the evidence: (1) is necessary to rebut or explain scientific or
medical evidence offered by the State; (2) shows past sexual behavior with the accused and is offered by the
accused upon the issue of whether the alleged victim consented to the sexual behavior which is the basis of
the charged offense; (3) relates to motive or bias of the alleged victim; (4) is admissible under Rule 609; or
(5) is constitutionally required to be admitted. Tex. R. Evid. 412(b)(2).


2. Under Rule 21.8, if a motion for new trial has not been ruled on by written order within seventy-five
days after sentence is imposed in open court, the motion is overruled by operation of law and the trial court
loses jurisdiction to rule on the motion. Tex. R. App. P. 21.8. Here, the trial court imposed sentence on
January 7, 2005. The hearing on the motion for new trial occurred on March 28, 2005, more than seventy-five days after sentencing.