ACCEPTED
03-14-00539-CR
4701991
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/30/2015 8:00:58 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00539-CR

### IN THE

### COURT OF APPEALS

### FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/30/2015 8:00:58 PM

JEFFREY D. KYLE
Clerk

_____

### DENNIS DWIGHT GALINDO,

Appellant.

### VS.

### THE STATE OF TEXAS,

Appellee.

_____

**From the 340TH Judicial District Court
Tom Green County, Texas
Honorable Ben Woodward, Judge Presiding**

_____

### BRIEF OF STATE

_____

### ORAL ARGUMENT REQUESTED ONLY
### IF REQUESTED BY THE COURT

**MEAGAN WHITE
Assistant District Attorney
51st Judicial District
124 W. Beauregard, Suite B
San Angelo, Texas 76903
(325) 659-6583
TSB #24060973
ATTORNEY FOR STATE**

# TABLE OF CONTENTS

**PAGE**

LIST OF AUTHORITIES ......................................................................2

STATEMENT OF THE CASE ............................................................5

STATEMENT OF FACTS ..................................................................6

STATE'S COUNTERPOINT ONE.......................................................8

      SUMMARY OF THE ARGUMENT ....................................................8

      ARGUMENT AND AUTHORITIES.....................................................8

STATE'S COUNTERPOINT TWO .....................................................11

      SUMMARY OF THE ARGUMENT ..................................................11

      ARGUMENT AND AUTHORITIES...................................................11

STATE'S COUNTERPOINT THREE..................................................15

      SUMMARY OF THE ARGUMENT ..................................................15

      ARGUMENT AND AUTHORITIES...................................................15

PRAYER.........................................................................................19

CERTIFICATE OF COMPLIANCE ....................................................20

CERTIFICATE OF SERVICE............................................................20

# LIST OF AUTHORITIES

***Cases***

*Allen v. State*, 249 S.W.3d 680 (Tex. App.—Austin 2008, no pet.)...... 16, 17

*Brooks v. State,* 323 15 S.W.3d 893 (Tex. Crim. App. 2010) .................... 15

*Byrd v. State*, 336 S.W.3d 242 (Tex. Crim. App. 2011) ........................... 15

*Clayton v. State*, 235 S.W.3d 772 (Tex. Crim. App. 2007) ................. 16, 18

*Ex Parte Kunkle*, 852 S.W.2d 499 (Tex. Crim. App. 1993) ........................ 12

*Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994) ....................... 12

*Jackson v. Virginia,* 443 U.S. 307 (1979) ................................................ 16

*Kemp v. State*, 892 S.W.2d 112 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) ........................................................................................... 12, 13

*Lane v. State*, 763 S.W.2d 785 (Tex. Crim. App. 1989) ........................... 17

*Laster v. State,* 275 S.W.3d 512 (Tex. Crim. App. 2009) ......................... 16

*Matthews v. State,* No. 03-13-00037-CR, 2014 Tex. App. LEXIS 13722, at *8 (Tex. App.—Austin Dec. 23, 2014)(mem. op., not designated for publication) ............................................................................................. 16

*McMillon v. State,* 505 S.W.2d 872 (Tex. Crim. App. 1974) ....................... 9

*Moff v. State*, 131 S.W.3d 485 (Tex. Crim. App. 2004); ........................... 16

*Morales v. State*, 293 S.W.3d 901 (Tex. App.—Texarkana 2009, pet. ref'd) ........................................................................................................... 17

*Padilla v. State*, 326 S.W.3d 195 (Tex. Crim. App. 2010)......................... 16

*Randolph v. State*, 152 S.W.3d 764 (Tex. App.—Dallas 2004, no pet.) .... 18

*Sexton v. State,* 51 S.W.3d 604 (Tex. App., Tyler, 2000, pet. ref 'd.) .......... 9

*State v. Bates*, 889 S.W.2d 306 (Tex. Crim. App. 1994) ............................. 8

*Stokes v. State*, 277 S.W.3d 20 (Tex. Crim. App. 2009) ............................9

*Strickland v. Washington*, 466 U.S. 668 (1984)...................................11, 12

*Vinson v. State*, 6 S.W.3d 704 (Tex. App., Waco 1999, no pet.) ................8

*Wallace v. State*, 106 S.W.3d 103 (Tex. Crim. App. 2003)........................10

**Statutes**

Tex. Penal Code Ann. § 1.07 .....................................................................17

Tex. Penal Code Ann. § 22.01 ...................................................................17

Tex. Penal Code Ann. § 22.01(b)(2)(A).....................................................17

**Codes**

Tex. Code Crim. Proc. Ann. art. 38.04 .......................................................16

**Rules**

Tex. R. App. P. 21.4 ...................................................................................10

Tex. R. App. P. 21.8 .................................................................................8, 9

# NO. 03-14-00539-CR

# IN THE

# COURT OF APPEALS

# FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

_____

## DENNIS DWIGHT GALINDO,

Appellant.

## VS.

## THE STATE OF TEXAS,

State.

_____

**From the 340TH Judicial District Court
Tom Green County, Texas
Honorable Ben Woodward, Judge Presiding**

_____

**BRIEF OF STATE**
_____

TO THE HONORABLE COURT OF APPEALS FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS:

COMES NOW, The State of Texas, in the above entitled and numbered cause, and files this the BRIEF OF STATE and in support thereof, the State would show this Honorable Court as follows:

4

## STATEMENT OF THE CASE

Appellant was indicted for Assault Family Violence with a previous conviction. (C.R. p. 6-7). Appellant filed Defendant's Amended Election as to Punishment on June 18, 2014. (C.R. p. 11). On June 18, 2014 the Appellant completed a written waiver of jury. (C.R. p. 13). On June 23, 2014 and the matter was tried before the court. (R.R. Vol. 3 p. 5). The Judge found the Appellant guilty. (R.R. Vol. 4 p. 53). On June 24, 2014 after punishment evidence was presented the Judge sentenced the defendant to ten years confinement. (R.R. Vol. 4 p. 88).

Appellant timely filed a Motion for New Trial and Motion in Arrest of Judgment on June 30th, 2014, stating that the verdict was contrary to the law and the evidence. (C.R. p. 20). The court held a hearing on Motion for New Trial on August 4, 2014, with Defense Counsel Stephanie Goodman present. The following notations on the docket were made: "Court will not rule on Motion for New Trial at this time and will likely allow it to be overruled as an operation of law." (C.R. p. 38). Defense Counsel Stephanie Goodman filed Notice of Motion to Withdraw as Counsel on August 19, 2014. (C.R. p. 27). Appellant filed his Notice of Appeal on August 29, 2014. (C.R. p. 29).

## STATEMENT OF FACTS

On November 21, 2013, San Angelo police officer Cobey Bradshaw was dispatched to 114 W. 24th St, San Angelo, Texas. (R.R. Vol. 3 p. 9). Officer Bradshaw arrived at the residence and found a female and two children. (R.R. Vol. 3 p. 9). The female was identified to be Dorothy Ortega, the alleged victim. Officer Bradshaw observed that Dorothy was agitated and the children appeared to be worried. (R.R. Vol. 3 p. 10). Officer Bradshaw spoke with the children and Dorothy Ortega on scene. (R.R. Vol. 3 p. 10). Officer Bradshaw was unable to speak to the Appellant because he was not there (R.R. Vol. 3 p. 12). Officer Bradshaw also took pictures of Dorothy Ortega and the scene (R.R. Vol. 3 p. 14).

Dorothy Ortega has a son with the Appellant named Dominique Galindo (R.R. Vol. 3 p. 20). Dorothy Ortega testified during trial that she dropped Dominique off at boxing practice earlier that day and believed that the Appellant was going to pick up Dominique after practice. (R.R. Vol. 3 p. 21). She received a phone call asking that she pick up Dominique (R.R. Vol. 3 p. 21). After Dorothy Ortega arrived back at her residence she began making food for Dominique (R.R. Vol. 3 p. 16). Dominique called the Appellant asking him to drop off money for a shirt (R.R. Vol. 3 p. 21). The Appellant came into the house alone (R.R. Vol. 3 pp. 25-26). Dorothy Ortega

and the Appellant began to argue about the Appellant's failure to pick Dominique up from boxing practice. (R.R. Vol. 3 p. 21). During the argument Dorothy Ortega was in the kitchen by the stove, Dominique was seated at the kitchen table approximately five feet away, and Dorothy's daughter, Aliyah, was in the living room. (R.R. Vol. 3 p. 22).

Dorothy testified that Appellant struck her face with his hand (R.R. Vol. 3 p. 23). Aliyah testified that she saw the Appellant strike Dorothy. (R.R. Vol. 3 p. 42). After the Appellant struck Dorothy Ortega, he walked out the door and the children followed him out of the door (R.R. Vol. 3 p. 23).

The defense called Sean Sanchez as a witness and he testified that he was in the house during an argument between the Appellant and Dorothy Ortega (R.R. Vol. 3 p. 57). Sean Sanchez testified that the argument about who should have picked Dominique up from boxing practice took place not in November but in October. (R.R. Vol. 3 p. 58). He testified that he saw Dorothy swing at the Appellant and then he and the Appellant left. (R.R. Vol. 3 p. 59). Dorothy Ortega later testified that Sean Sanchez has never been to her residence (R.R. Vol. 4 p. 18).

The Appellant testified that he did not go to Dorothy's residence on November 21st. (R.R. Vol. 3 p. 88). He stated that he went to Dorothy's house in October 2013 and that she hit him but he never touched her. (R.R.

7

Vol. 3 p. 90).   On cross examination the Appellant admitted that he had previous felony convictions including an assault, burglary of a habitation and "a drug charge." (R.R. Vol. 3 p. 99).    The Judge found the Appellant guilty. (R.R. Vol. 4 p. 53).

## STATE'S COUNTERPOINT ONE

The Trial Court held a hearing on the Motion for New Trial on August 4, 2014, and did not err in not setting a subsequent hearing.

## SUMMARY OF THE ARGUMENT

Appellant's Motion for New Trial was denied by operation of law 75 days after sentencing.

## ARGUMENT AND AUTHORITIES

When a motion for new trial is filed, the trial court can grant or deny the motion by written order or allow the motion to be denied by operation of law after 75 days after sentencing.  Tex. R. App. P. 21.8.; *State v. Bates*, 889 S.W.2d 306 (Tex. Crim. App. 1994); *Vinson v. State*, 6 S.W.3d 704 (Tex. App., Waco 1999, no pet.).  A written order is necessary to prevent

the overruling of a motion for new trial by operation of law; an oral pronouncement, absent a written order, is insufficient. Tex. R. App. P. 21.8. After 75 days, the motion is deemed to be denied and the trial court loses jurisdiction to take any further action on the new trial motion. *Sexton v. State*, 51 S.W.3d 604 (Tex. App., Tyler, 2000, pet. ref 'd.). Unlike the notation on an unsigned proposed order, an entry on a docket sheet indicating that a new trial motion was presented was found sufficient on the theory that it was a far more reliable indicator of the trial judge's decision and business because it is likely that only the judge and those authorized to act on his or her behalf have access to the docket sheets and can make entries to them. *Stokes v. State*, 277 S.W.3d 20, 25 (Tex. Crim. App. 2009)—(notation of presentment on docket sheet gives accurate account of motion's disposition without need for trial judge's signature).

A motion for new trial is left to the sound discretion of the trial court. *McMillon v. State,* 505 S.W.2d 872, 874 (Tex. Crim. App. 1974). The court's decision in denying a new trial will not be disturbed unless an abuse of discretion is shown. *Id.*.

A trial court is not obligated to hold a hearing on a motion for new trial if the motion is not verified or supported by affidavit. *Wallace v. State*, 106 S.W.3d 103, 108, 2003 Tex. Crim. App. LEXIS 95, 7-8 (Tex. Crim. App.

9

2003). An amended motion for new trial may be filed any time within thirty days after sentence has been imposed or suspended in open court if the previously filed motion or amended motion has not been overruled. Tex. R. App. P. 21.4. Under this provision, a motion for new trial may be amended without leave of court, as long as it is done within the thirty day time limit. *Id.*.

Appellant was sentenced on June 24, 2014. (R.R. Vol. 4 p. 88). The Motion for New Trial was originally filed on June 30, 2014 (C.R. p. 20). There was a hearing on Appellant's motion for new trial on August 4, 2014 (C.R. p. 38). The docket entry states as follows: "Court will not rule on Motion for New Trial at this time and will likely allow it to be overruled as an operation of law." *Id.* Appellant did not file a subsequent amended motion for new trial. (C.R.). It is also not evident from the record that Appellant requested an additional hearing. (C.R.). The trial court did not issue an order granting the Motion for New Trial therefore the motion was overruled by operation of law. Consequently, Appellant's Point of Error No. One should be denied.

## STATE'S COUNTERPOINT TWO

Appellant received effective assistance of counsel at trial.

## SUMMARY OF THE ARGUMENT

Appellant's trial counsel was not ineffective for stipulating to Appellant's jurisdictional prior.

## ARGUMENT AND AUTHORITIES

As stated by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984), to show ineffective assistance of counsel, the defendant must first show a deficiency in trial counsel's performance and then show the deficient performance prejudiced the defense to the extent that the defendant was deprived of a fair trial.

Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Strickland* 466 U.S. at 688-

89; *Ex Parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* To show prejudice, the defendant has the burden of proving that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland* 466 U.S. at 688-89. The defendant must also show harm sufficient to undermine confidence in the outcome of the trial. *Id..*

In determining whether counsel was ineffective at trial, the reviewing court "must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he made all significant decisions in the exercise of reasonable professional judgment." *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd), citing *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994). The Court went on to say "that only in a rare and egregious circumstance would a record on direct appeal suffice to rebut the presumption of sound trial strategy." *Kemp* 892 S.W.2d at 115.

Appellant filed a motion for new trial and a hearing was held on Appellant's motion for new trial. (C.R. p. 38). Appellant did not seek to

explore and develop this ineffectiveness claim at a hearing on motion for new trial. Appellant alleges that defense trial counsel was the former Assistant District Attorney that had prosecuted him on the prior assault case. This is not apparent from the record. (C.R.). State's exhibit number 1, the judgment in Cause no. 00-01319, does not indicate that defense counsel Stephanie Goodman was the prosecutor. (R.R. Vol. 5 p. 7-8). In fact the face of the judgment indicates the case was prosecuted by the County Attorney's Office, not the District Attorney's Office. *Id.*

The Court is left without the specifics of the trial strategy employed by the defense in deciding to have Appellant plea true to the jurisdictional enhancement. In determining whether counsel was ineffective at trial, the reviewing court must presume that counsel made all significant decisions in the exercise of reasonable professional judgment. *Kemp* 892 S.W.2d at 115, citing *Jackson*, 877 S.W.2d 768. The instant case is not one of those rare and egregious circumstances sufficient to rebut the presumption of sound trial strategy*.* The Appellant, while testifying during the guilt innocence phase of trial stated that he had prior convictions for assault and a "drug charge". (R.R. Vol. 3 p. 99). During the appellant's direct examination he also stated that he has pled guilty to assault family violence

13

offenses before, but defendant did not plead guilty during guilt innocence because he "didn't do it this time." (R.R. Vol. 3 p. 94). This line of questioning helped draw a distinction between his prior guilty pleas and this case in which he had pled not guilty. The Appellant's choice to stipulate to the jurisdictional prior could have been trial strategy.

Appellant has not met his burden of affirmatively proving that trial counsel's actions fell below an objective standard of reasonableness or that the actions were unsound trial strategy. Furthermore, Appellant has not met the burden of affirmatively proving prejudice to the Appellant due to any error of trial counsel.

Appellant had an opportunity to explore and develop his ineffectiveness claim at the hearing on his Motion for New Trial but failed to do so. Speculation is all there is in this case and that should not be enough to declare the work of an attorney ineffective.

For the foregoing reasons, the State respectfully requests this Court overrule the Appellant's Point of Error No. Two.

## STATE'S COUNTERPOINT THREE

The evidence was factually or legally sufficient to convict Appellant.

## SUMMARY OF THE ARGUMENT

The evidence was sufficient to sustain a conviction for Assault causing Bodily Injury to a family member enhanced with a prior assault family violence conviction.

## ARGUMENT AND AUTHORITIES

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). In Texas, evidence to support a verdict is legally sufficient if viewed in a light most favorable to the verdict, the evidence, and all reasonable inferences therefrom would allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Brooks v. State,* 323 15 S.W.3d 893, 912 (Tex. Crim. App. 2010). The Court will review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in testimony, weighed the evidence, and drew reasonable inferences in a manner that

supports the verdict. *Jackson v. Virginia,* 443 U.S. 307, 318 (1979); *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Matthews v. State,* No. 03-13-00037-CR, 2014 Tex. App. LEXIS 13722, at *8,9 (Tex. App.—Austin Dec. 23, 2014)(mem. op., not designated for publication).

In determining the legal sufficiency of the evidence, the Court must consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Moff v. State*, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004); *Allen v. State*, 249 S.W.3d 680, 688-89 (Tex. App.—Austin 2008, no pet.).

The trier of fact, as the exclusive judge of the facts, is entitled to weigh and resolve conflicts in the evidence and draw reasonable inferences therefrom. *Clayton*, 235 S.W.3d at 778; *see* Tex. Code Crim. Proc. Ann. art. 38.04. Thus, when faced with a record of historical facts that supports conflicting inferences, a reviewing court must presume that the trier of fact resolved any such conflicts in favor of the verdict. *Jackson v. Virginia*, 443 U.S. at 326; *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). Every fact does not need to point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Allen* 249

16

S.W.3d at 689. The role of a court reviewing a sufficiency argument is not that of a fact finder but rather as a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *Allen* 249 S.W.3d at 688.

Appellant was found guilty of the offense of felony assault causing bodily injury to a family member enhanced with a prior assault family violence. The elements of the offense of Assault family violence under Tex. Penal Code Ann. § 22.01(b)(2)(A) are that Appellant intentionally, knowingly or recklessly caused bodily injury to a family or household member. Further under Tex. Penal Code Ann. § 22.01, to be punished as a felony offense, the State had to show that Appellant had a prior conviction for an offense under Tex. Penal Code Ann. § 22.01.

Appellant limits his sufficiency argument to the element of bodily injury. Bodily injury is defined in Tex. Penal Code Ann. § 1.07 as physical pain, illness, or any impairment of physical condition. "This definition appears to be purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989); *Morales v. State*, 293 S.W.3d 901, 907 (Tex. App.—Texarkana 2009, pet. ref'd). "A fact finder may infer that a victim actually felt or

17

suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.).

Dorothy Ortega stated during her testimony that when the defendant struck her that it hurt (R.R. Vol. 3 p. 31). Dorothy Ortega also stated that she had a red mark on her face from where the defendant struck her (R.R. Vol. 3 p.31). The trial court as trier of fact was the arbitrator of credibility and weight given to the evidence. *Clayton*, 235 S.W.3d at 778; *see* Tex. Code Crim. Proc. Ann. art. 38.04. The evidence presented to the trial court was sufficient to sustain Appellant's conviction for Assault causing bodily injury to a family member enhanced with a prior assault family violence.

## PRAYER

WHEREFORE, the State prays this Court overrule all issues presented by Appellant and Affirm the Judgment of the trial court for the reasons stated herein.

<div style="margin-left:50%">

Respectfully Submitted,
ALLISON PALMER
51ST DISTRICT ATTORNEY

_____
MEAGAN WHITE
Assistant District Attorney
51ST & 119th Judicial District
124 W. Beauregard, Suite B
San Angelo, Texas 76903
(325) 659-6583
TSB# 24060973
ATTORNEY FOR STATE

</div>

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify, based upon the computer program used to generate this brief, that this brief contains 2,761 words, excluding words contained in those parts of the brief that Rule 9.4(i) exempts from inclusion in the word count. I further certify that this brief is in a conventional 14-point typeface.

_____
MEAGAN WHITE
Assistant District Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Brief of State was electronically served on TODD L. ALVEY (tlalaw@sbcglobal.net), P. O. Box 1815, Pampa, Texas 79066, counsel for Appellant on the 30th day of March 2015.

_____
MEAGAN WHITE
Assistant District Attorney