Burt Critton HARP, Appellant,

v.

The STATE of Texas, Appellee.

No. 37116.

Court of Criminal Appeals of Texas.

Oct. 21, 1964.

George W. Morris, Conroe, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Cletus A. Davis and Theodore P. Busch, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Upon a trial before the Court without a jury, the appellant was convicted for driving while intoxicated; the punishment assessed by the Court was five (5) days in jail and a fine of $100.00.

The state's witness DeFoor testified that about 2 or 2:30 A.M. while he was driving his Plymouth automobile on Public Highway, U.S. 59, which is a public highway in Harris County, a Ford automobile was driven onto the highway in front of his automobile, causing a collision.

Officer Smith, Texas Highway Patrolman, testified that in response to a telephone call about 2:45 A.M., he arrived at the scene of a collision between a Plymouth and a Ford on a public highway about 3:10 A.M.; that there were skid marks on the highway, the Ford was in the ditch, and both automobiles had been damaged; and that upon arriving at the scene, he asked who was driving the Ford, and the appellant, who was present at the scene, then "identified himself as the driver." He further testified that when he asked appellant for his driver's license "he thought he was acting a little differently than normal people", and "He (appellant) had a strong odor of alcoholic beverage on his breath," and based upon his observations of the appellant, he expressed the opinion that he was intoxicated.

The appellant did not testify or offer any evidence.

■ Appellant contends that the state failed to prove venue. According to the record no issue as to venue was raised prior to the filing of the motion for new trial. Therefore, under the provisions of Art. 847, Vernon's Ann.C.C.P., this Court will presume that venue was proven. Masters v. State, 165 Tex.Cr.R. 303, 306 S.W.2d 355; Doyle v. State, 168 Tex.Cr.R. 458, 329 S.W.2d 286; Goad v. State, 171 Tex.Cr.R. 371, 350 S.W.2d 548 and Hatfield v. State, Tex.Cr.App., 377 S.W.2d 647.

■ Appellant's presence at the scene of the collision and his admission to Officer

Smith at the scene, that he was driving the Ford, together with the facts and circumstances above summarized, are sufficient to corroborate his extrajudicial confession to Officer Smith that he was the driver of the Ford. Green v. State, 164 Tex.Cr.R. 330, 299 S.W.2d 134; Fancher v. State, 167 Tex. Cr.R. 269, 319 S.W.2d 707.

The intoxication of the appellant was sufficiently shown by the testimony of Officer Smith.

■ The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.