**Lester Raymond OGREN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 42242.

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

Rehearing Denied Dec. 17, 1969.

Cutler & Epps, by Raymond R. Epps, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert Hinton, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for seriously threatening to take human life; the punishment, a fine of $400.

The first ground of error is that:

"The Trial Court committed reversible error when it did not grant the instructed verdict of not guilty as prayed for by the Appellant, in that the State's evidence fell far short of the requirements of a serious threat to take life offense."

To support his position, the appellant relies on the testimony of the complainant Merrill who testified that appellant did not make any verbal threats to kill or inflict serious bodily injury upon him; and that a gesture or act as a matter of law cannot constitute a threat.

The complainant, Richard B. Merrill, and two of his friends left his home about 10 p. m., and when they returned home, one hour later, about 11 p. m., they saw a man run from the rear of the property through a gate. While his friends searched unsuccessfully for the man, Merrill entered the house alone. He noticed that a camera had been moved from where he thought he had left it. After telephoning the police, Merrill went upstairs. When Merrill entered the bathroom upstairs, the appellant, who was behind the door closed it and held a pistol in his face. (While testifying, Merrill identified the appellant as the man in the bathroom with the pistol.) They stood, about eighteen inches apart, face to face, with the appellant holding the pistol

in his right hand about three inches from Merrill's face. The appellant was wearing a pair of rubber gloves. At this time the appellant, who appeared scared, said to Merrill, "I don't know what to do." Merrill testified that he took the appellant seriously and was scared to death that he was going to pull the trigger and shoot him; that he told the appellant that his friends had been chasing someone at the rear of the house and would be returning any moment and for him to get out of the house and not shoot him. Merrill left the bathroom with the appellant behind him pointing the pistol toward his back which he felt several times as they came down the stairs. When about half-way down the stairs, Merrill heard a car in the back yard and told appellant that probably his friends had returned and for him to get out of the house. The appellant, with his pistol still in Merrill's back, ordered him (Merrill) to leave the house with him. When Merrill and the appellant were outside, Merrill told the appellant he would either have to shoot him or run because he was not going any further. Then Merrill turned and started back to the house and the appellant ran.

Merrill further testified that he took the appellant seriously when he put the pistol in his face, that he responded to appellant's movements with the pistol and felt threatened by his actions and his order to leave the house with him because he was scared the appellant would shoot him. He also testified that the pistol looked real, but he did not know if it was, and that no verbal threats were made.

The appellant did not testify, but called witnesses whose testimony supported an alibi which was submitted to the jury.

Art. 1265, Vernon's Ann. P. C., reads:

"Whoever shall seriously threaten to take the life of any human being or to inflict upon any human being any serious bodily injury shall be fined not less than one hundred nor more than two thousand dollars, and in addition thereto may be imprisoned in jail not exceeding one year."

Art. 1266, V.A.P.C., provides that:

"To constitute the offense it is necessary that the threat be seriously made, and it is for the jury to determine whether the treat, if made, was seriously made or was merely idle and with no intention of executing the same."

From the statutes, it appears that the commission of the offense here charged depends upon whether a threat was made, and if so, was it seriously made.

The statutes do not specify how, by or through what means the threat must be made—that is, whether by some oral statement, written statement, or acts done. All the statutes do in defining the term "threat" is to specify that it be seriously made to take the life or to inflict upon any human being any serious bodily injury, and not the mode, method or way employed in making such threat.

When a pistol is used in an assault but not used or attempted to be used as a bludgeon, the presumption is that it was loaded, in the absence of proof to the contrary. Under these circumstances, it is a deadly weapon. Biggerstaff v. State, 108 Tex.Cr.R. 631, 2 S.W.2d 256.

The presence of Merrill's friends on the premises and their imminent return to the house, which was known to the appellant, along with the expected response of an officer to Merrill's telephone request to come to his house may well have persuaded appellant not to kill or seriously injure Merrill.

The acts and conduct of the appellant, as shown by the evidence, are sufficient to warrant the jury's finding that the appellant was guilty as charged.

The first ground of error is overruled.

The refusal of his motion for mistrial is urged as error by the appellant on the ground that the state inquired into his reputation when it had not been placed in issue.

This matter arose as follows during the cross-examination of one of appellant's alibi witnesses:

"Q Do you know this defendant's general reputation within the community in which he resides for being a peaceful and law abiding citizen?

"Mr. Cutler: Objection.

"The Court: Sustained.

"Q (By Mr. Hinton) Do you know any mutual friends of yours and this defendant?

"A I don't understand.

"Mr. Cutler: Your Honor, I would like to have the jury removed."

Later, when cross-examination was resumed the following occurred:

"Q (By Mr. Hinton) Mr. Shea, I asked you do you know some of the members of the community in which this defendant resides?

"Mr. Cutler: We object to that, Your, Honor.

"The Court: I will sustain that. And, jurors, disregard the question and the answer given."

The first and third questions were not answered, the general objections thereto were sustained, and no requests were made for an instruction to the jury not to consider them, but such a charge was given as to the third without request.

From the record as presented, it is concluded that no reversible error is shown.

The third ground urged as error complains of the refusal of the trial court to give his requested charge on appellant's intention to carry out the alleged threat.

From an examination of the court's charge as given it appears that such matter was fairly and adequately submitted to the jury. It is pointed out that the defense was alibi, and the matter requested was not raised by the evidence. The third ground of error is overruled.

The judgment is affirmed.