ROBERTS, J., not participating.

**Cecil Bennett ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45221.**

Court of Criminal Appeals of Texas.

July 26, 1972.

Lester O. Berg, Abilene, for appellant.

Ed Paynter, Dist. Atty., Britt Thurman, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for burglary with intent to commit theft. Two prior non-capital felony convictions were alleged for enhancement under Article 63, Vernon's Ann.P.C. The punishment was assessed at life

In two grounds of error, appellant challenges the sufficiency of the evidence to sustain the conviction for the instant offense of burglary.

Earl Lunn, a truck driver for the Featherlite Block Company in Abilene, testified that he went to the company plant on Sunday, July 12, 1970, to secure the load on his truck so he would be ready to leave early Monday morning. As he approached, he noticed an unfamiliar pickup truck parked between the warehouse and the plant. As he was tying the load down on his truck, Lunn observed an individual sitting in the pickup. He then testified that the appellant was one of the individuals he saw coming out of ". . . that portion of the building," ". . . that area back there . . ." —the open portion of the building, and observed that he was "carrying something." At this juncture, Lunn approached and asked the appellant and his companion what they were doing there. They did not reply. Lunn looked in the pickup truck and saw "our cutting torch, and a bunch of other stuff in there," including rubber gloves which were normally used in the plant. Lunn then went to the room where the tools and equipment were usually kept and found the window broken out. He found the cutting torch gone. He then returned and told the appellant that he was going to call the police. The appellant then said, "Well, let's go," and crawled into the pickup with his companion and tried to start the pickup.

Lunn then went to call the police, but when he looked back, " . . . they were getting out of the pickup and began to push it." After he called the police, he returned to find the pickup, but the appellant had completely "vanished." He then looked into the pickup and described the items that had been taken out of the building as " . . . a cutting torch, and the tip, and the gauges, and about fifty foot (feet) of hose, I would say, and several pairs of gloves, and crescent wrench, I believe, and a pipe wrench."

The record also reflects that the open portion of the building contained a dayroom, but the completely enclosed tool and equipment room was closed and locked.

C. A. Henson, Jr., Manager of the Featherlite Block Company, testified that on the date in question he had control of all the buildings and all the material therein, and that he did not give consent to the appellant, or anyone else, to break and enter the business establishment.

He related the tool and equipment room had four walls and a roof and was on a permanent foundation, and that when he arrived on the scene on July 12, 1970, he found the glass in the window had been broken out and "some things" had been taken, "but they were gone by that time. The police had left."

Lieutenant Dwain T. Pyburn, Abilene Policeman, testified he investigated the burglary in question and related that the building was a "partially . . . open building, with a dayroom, and a tool room enclosed and locked, and entry had been gained into that locked building . . . (b)y breaking a window pane out." He testified, without objection, that "(a)pparently after the window was broken, the parties crawled inside, and that enabled them to unlock a door . . ." Pyburn further revealed that he removed the equipment taken from the building from the white pickup parked at the scene.

David Lee Dalbert, Deputy Sheriff, testified that subsequently, in October, he went

to Mobile, Alabama, where the appellant was in custody, and returned him to Abilene.

The appellant did not testify or offer other evidence.

The court charged on the law of circumstantial evidence.

Appellant argues that since Lunn could not identify what the appellant had in his hand that " . . . we could just as well reasonably conclude that the appellant was on his way to Mobile(,) Alabama and came by with his suitcase and stopped to see what was going on . . ." Appellant also noted that the State failed to prove directly that he was inside the locked portion of the building or that he removed anything therefrom.

Considering the jury's verdict, in the light most favorable thereto as we are required to do, we conclude the evidence is sufficient to sustain the conviction for burglary.

The judgment is affirmed.

ROBERTS, J., not participating.