**Betty ARNOLD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46040.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

John O. Young, Orange, for appellant.

Louis Dugas, Jr., County Atty. and William C. Wright, Asst. County Atty., Orange, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of seriously threatening life. The jury returned a verdict of guilty, after which the punishment was assessed by the court at a fine of $100.00 and 30 days in jail; the jail time was probated for one year.

Initially, appellant contends that "the state wholly failed to prove venue" and that the record does not show that the jury was duly sworn in.

Article 44.24, Vernon's Ann.C.C.P., provides, in part:

"The court shall presume that the venue was proved in the court below; that the jury was properly impaneled and sworn;

. . . unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record."

Such presumption controls in this case since the record contains no objections nor bills of exception bringing the matter to the trial court's attention. See, e. g., Goad v. State, 171 Tex.Cr.R. 371, 350 S.W.2d 548; Anderson v. State, Tex.Cr.App., 391 S.W.2d 732. Further, the record does not "affirmatively appear to the contrary." The record shows that the incident occurred in Bridge City, Texas, and even though the the transcript does not contain the oath given to the jury, it does show that the judge ordered the jury to "stand and be sworn."

■ Appellant also complains of the court's overruling of motion for an instructed verdict of not guilty.

The evidence, viewed in the light most favorable to the jury's verdict, which we are required to do,[1] shows that the appellant did in fact seriously threaten to take the life of the complaining witness.

The complaining witness testified that on the date in question she had taken her child to the school bus stop, which was near the appellant's home. Upon leaving the school bus stop location she backed into the driveway of one of appellant's neighbors and was turning around onto the street in front of appellant's house when she "noticed her (appellant) out there in the front yard and she was standing with her hand on her hip" and making a gesture that caused the complaining witness to think she was saying something to her. The witness stopped her car and rolled the glass down, whereupon the appellant cursed her and invited her to get out of her car and she would whip the complain-

ing witness. Some other words passed and, during the argument, appellant said something about some of the witness' relatives being crazy and the witness said, "Betty, we know who's crazy." Whereupon the appellant stated, "I've got a gun in the house and I'll get it and I'll shoot you," [2] whereupon she suddenly turned and started toward her house and the complaining witness departed. The witness testified that during this encounter the appellant "was just raving and she was fairly screaming." Two other neighbors testified and substantially corroborated the complaining witness' testimony, and further testified that the appellant was "very excited"; "was cursing and talking in a loud voice"; "was ranting and raving and shaking her fist and carrying on . . . it was kind of like a fit."

In Parr v. State, 164 Tex.Cr.R. 424, 299 S.W.2d 940, this court stated:

"Art. 1265, P.C., makes it unlawful for one to seriously threaten to take another's life, while Art. 1266, P.C., expressly places with the jury the power to determine whether any threat was seriously made.

"It is thus made to appear that the legislature has broadened, by statute, the power of the jury and extended to the jury much latitude in determining whether any threat was seriously made.

"We are unable to say that the jury was not authorized, as a matter of law, to find from the facts that appellant did seriously threaten to take the life of the person named. We would have to so hold in order to say that the facts do not warrant the conviction."

See also, Ogren v. State, Tex.Cr.App., 447 S.W.2d 682; Dailey v. State, Tex.Cr. App., 436 S.W.2d 346.

---

1. See, e. g., Roberts v. State, Tex.Cr.App., 483 S.W.2d 266; Parker v. State, Tex. Cr.App., 432 S.W.2d 526; Franklin v. State, 147 Tex.Cr.R. 636, 183 S.W.2d 573; Mason v. State, 108 Tex.Cr.R. 452,

2. The evidence shows that there were "quite a few" guns in appellant's house.

 

Appellant also argues that the court committed reversible error by overruling her motion for a new trial because a juror testified, on motion for new trial, that had the jury known that the court and not the jury would assess the punishment the verdict rendered would have been not guilty.

The trial court should have declined to hear the testimony of this juror since it was offered for the sole purpose of permitting the juror to impeach the verdict.

In Boone v. State, 156 Tex.Cr.R. 327, 242 S.W.2d 380, this court wrote:

"The court properly declined to hear testimony in support of this allegation. Jurors should not be permitted to impeach or stultify the verdict which they have returned by giving their reasons for agreeing thereto. See Killingsworth v. State, [154] Tex.Cr.R. 298, 226 S.W.2d 635; Arnold v. State, 148 Tex.Cr.R. 310, 186 S.W.2d 995, 158 A.L.R. 1356."

See also, Frias v. State, 169 Tex.Cr.R. 549, 335 S.W.2d 765; Stokes v. State, 165 Tex. Cr.R. 269, 305 S.W.2d 779; Bryant v. State, 159 Tex.Cr.R. 98, 261 S.W.2d 728.

There being no reversible error, the judgment is affirmed.