

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00382-CR
No. 02-25-00383-CR

_____

EX PARTE BESSIE TEKILA MARTIN

On Appeal from the 415th District Court
Parker County, Texas
Trial Court Nos. CR24-0849, CR24-0850

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

Appellant Bessie Tekila Martin appeals the denial of her application for a writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.08. The application alleged that a Tarrant County court had taken certain out-of-county unadjudicated offenses into account when it adjudicated her guilt on an offense for which she had previously been placed on deferred-adjudication community supervision. According to the application, a Parker County grand jury indicted Appellant for the same offenses that the Tarrant County court had taken into account.[1] Appellant argues that because she was "punished" when the court that adjudicated her guilt took the offenses into account, she cannot be again placed in jeopardy for those offenses in Parker County.

In the proceedings below, Appellant simply assumed that there were facts that supported the legal theories that she raised, but we lack a record to know whether those facts exist. Accordingly, we will remand this matter to the trial court to permit Appellant to develop the record necessary to determine if there is a factual basis for her theories.

---

[1]We would normally refer to the Appellee in this matter as the State but refer to it as Parker County to avoid the confusion of too many references to the State.

## II.  Factual and Procedural Background

### A.  Relevant chronology

Appellant's argument turns primarily on a chronology of events; thus, our summary will follow the same path:

**November 14, 2023**:  Appellant was placed on deferred-adjudication community supervision for three years by the 432nd District Court of Tarrant County in case number 1780633 for the third-degree felony offense of credit-card or debit-card abuse against an elderly individual.  *See* Tex. Penal Code Ann. § 32.31(b), (d).

**January 11, 2024**:  Appellant allegedly stole a debit card and rings from an elderly patient at the rehabilitation center where she was employed and had used the card to purchase items in the nearby cities of Azle and Grapevine, as noted in an offense report from the Springtown Police Department dated January 15, 2024.

**February 6, 2024**:  A State's petition to proceed to adjudication was filed against Appellant in the Tarrant County case in which she had been placed on community supervision.  The petition alleged that Appellant had committed the following offenses that violated the conditions of her community supervision:

> 1.  [Appellant] committed the offense of CREDIT CARD OR DEBIT CARD ABUSE ELDERLY on or about the 28th day of December, 2023 in the County of Navarro and the State of Texas.
>
> 2.  [Appellant] committed the offense of CREDIT CARD OR DEBIT CARD ABUSE ELDERLY on or about the 11th day of January, 2024 in the County of Parker and the State of Texas.

3

3.  [Appellant] committed the offense of CREDIT CARD OR DEBIT CARD ABUSE ELDERLY on or about the 11th day of January, 2024 in the County of Parker and the State of Texas.

4.  [Appellant] committed the offense of CREDIT CARD OR DEBIT CARD ABUSE ELDERLY on or about the 11th day of January, 2024 in the County of Parker and the State of Texas.

5.  [Appellant] committed the offense of THEFT OF PROPERTY >=$750<$2,500 – ALL OTHER LARCENY on or about the 11th day of January, 2024 in the County of Parker and the State of Texas.

We will refer to these five allegations as the Unadjudicated Offenses.

**August 22, 2024**:  A Parker County grand jury indicted Appellant in the 415th District Court for two felony offenses of "Credit Card or Debit Card Abuse Elderly" that had occurred on or about January 11 and 13, 2024, involving the use of an Austin Telco debit card held by the cardholder named in the police report described above.

**September 3, 2024**:  Appellant signed "Written Plea Admonishments on Motion to Revoke Community Supervision or Petition to Proceed to Adjudication" in the Tarrant County case for which she had been placed on community supervision. Initially, the admonishments state that Appellant was given notice of the following:

1.  A motion to revoke your community supervision or a petition to proceed to adjudication has been filed in which you are charged with a violation of the conditions of your community supervision.

2.  The punishment agreement is:  2 days [in] Tarrant County Jail under 12.44(a) on the less[e]r[-]included offense of Debit/Credit Card Abuse. Offense reduced to State[-]Jail Felony by waiving elderly enhancement.

The admonishments also recite that

> [Appellant] understand[s] that if I have entered a plea of true to any allegation in a motion to revoke community supervision that the [c]ourt may set my punishment anywhere from the minimum of the range of punishment up to and including the amount of time of my original sentence. I understand that if I have entered a plea of true to any allegation in the petition to proceed to adjudication that my punishment can be set anywhere within the range of punishment prescribed by law for this offense.

The admonishments also contain the following judicial confession: "I further admit my guilt on any [U]nadjudicated [O]ffenses set forth in the plea agreement set out above[] and request the [c]ourt to take each into account in determining my sentence for the instant offense." Appellant's counsel, State's counsel, and the Tarrant County District Judge signed a notation that "[w]e further agree and consent to the admission of guilt of any unadjudicated offense under Sec. 12.45 Texas Penal Code."

**September 16, 2024**: The Tarrant County court entered judgment that adjudicated Appellant's guilt (the Tarrant County Judgment). That judgment recites that the sentence was imposed on September 3, 2024. As Parker County's brief points out, the Tarrant County Judgment bears a different cause number than does the order for community supervision, the petition to proceed to adjudication, or the plea admonishments. The Tarrant County Judgment also recites that Appellant pleaded true to a motion to adjudicate and that the degree of the offense was "Felony-State Jail Felony 12.44[(a) Penal Code]." The Tarrant County Judgment then references an amended motion to adjudicate that is not in the record before us:

5

"While on deferred[-]adjudication community supervision, [Appellant] violated the conditions of community supervision, as set out in the State's **Amended** Motion to Adjudicate Guilt, as follows: PARA 1." The Tarrant County Judgment goes on to provide the following: "Terms of Plea Bargain (if any): or □Terms of Plea Bargain are attached and incorporated herein by this reference. 2 DAYS TCJ ON LIO 12.44A." Finally, that judgment recites the following:

> ☒**County Jail—State Jail Felony Conviction.** Pursuant to § 12.44(a), Tex. Penal Code, the [c]ourt **FINDS** that the ends of justice are best served by imposing confinement permissible as punishment for a Class A misdemeanor instead of a state jail felony. Accordingly, [Appellant] will serve punishment in the county jail as indicated above. The [c]ourt **ORDERS** [Appellant] committed to the custody of the County Sheriff immediately or on the date the sentence commences. Upon release from confinement, the [c]ourt **ORDERS** [Appellant] to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the [c]ourt or the [c]ourt's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

The Tarrant County Judgment imposed a sentence of two days' confinement.

### B. Habeas Application Grounds

Appellant filed an application for pretrial writ of habeas corpus seeking relief from double jeopardy in the 415th District Court on the Parker County cause numbers for which she had been indicted for credit-card or debit-card abuse. In essence, the application claimed that the Tarrant County court had taken account of the Unadjudicated Offenses—for which she was now indicted in Parker County— when the Tarrant County court determined her sentence after adjudicating her guilt.

6

Thus, Appellant argued that Section 12.45 of the Penal Code barred further prosecution of the Unadjudicated Offenses in Parker County. The focus of the application was set out in the following paragraphs:

> When [Appellant] ple[aded] true to the allegations set forth in the State's [p]etition to [p]roceed to [a]djudication, she admitted her guilt in several [U]nadjudicated [O]ffenses pursuant to Tex. Penal Code § 12.45. Those allegations included the offenses that were indicted in Parker County Cause Nos. CR24-0849 and CR24-0850 and remain unadjudicated.

> Because the Parker County offenses were considered by the 432nd District Court of Tarrant County when it considered whether to accept the plea agreement and sentence between the Tarrant County Criminal District Attorney and [Appellant], prosecution is barred in Cause Nos. CR24-0849 and CR24-0850. The 432nd District Court's judgment and acceptance of the plea agreement must be presumed to be regular and lawful.

> The Springtown Police Department offense report included information that one of the transactions for which the alleged stolen debit card was used was located in Grapevine, Texas, which is located in Tarrant County. It is the same debit card that [Appellant] was indicted for unlawfully using in Parker County within a very short period of two or three days. This would indicate that [Appellant's] conduct consisted of two or more transactions that constituted a common scheme or plan, or the conduct consisted of repeated commission of the same offense. Thus, because the criminal episode was not exclusive to any single jurisdiction but rather two jurisdictions, the 432nd District Court was lawful in considering the conduct when it sentenced [Appellant] in Tarrant County Cause No. 1782142.

> Even if the separate debit[-]card transactions in Parker County conferred exclusive jurisdiction upon the 415th District Court, then it must be presumed that the Tarrant County [D]istrict [C]ourt and [D]istrict [A]ttorney complied with the law and [that] the [judgment] and [documents] in Tarrant County Cause No. 1782142 are binding absent direct proof of their falsity. [Citations omitted.]

7

## C. The Parker County Court's order denying the habeas application

The Parker County court conducted a non-evidentiary hearing on Appellant's habeas application. The court signed an order denying the writ (the Parker County Order), which contained the following recitations:

> WHEREAS the State's Petition to Proceed to Adjudication filed February 6, 2024[,] in Cause No. 1780633, 432nd District Court of Tarrant County, Texas[,] against the above-referenced defendant and referenced in exhibit 4 attached to [Appellant's] Application failed to name any victim of the three alleged Parker County offenses;
>
> WHEREAS [Appellant] was indicted by a Parker County Grand Jury for . . . the Third[-]Degree Felony offense of Credit / Debit Card Abuse from Elderly, to-wit: Joann Putnam, in Cause No. CR24-0849 and CR24-0850 on August 22, 2024;
>
> WHEREAS [Appellant's] September 3, 2024 plea of true to the State's Petition fails to identify who any of the three alleged victims of January 11, 2024 offenses alleged in paragraphs 2–4 are, or even if they are one or more than one individual;
>
> WHEREAS the indictment by a Parker County Grand Jury in Cause No. CR24-0849 and CR24-0850 on August 22, 2024[,] gives exclusive jurisdiction of these offenses to the Parker County District Courts, prior to [Appellant's] plea of true in the Tarrant County Petition to Proceed to Adjudication September 3, 2024.
>
> WHEREAS the Tarrant County waivers and stipulations portion of the plea packet includes general language admitting to unadjudicated offenses under Section 12.45, Texas Penal Code and the Tarrant County Judge took judicial notice of said admission, nowhere in the waivers, stipulations, court approval[,] or judgment does the [c]ourt indicate it is taking into account[] the admitted offense(s) in assessing punishment;
>
> WHEREAS the Tarrant County Judgment Adjudicating Guilt indicates a sentence of two (2) days in the Tarrant County Jail under § 12.44(a), reducing the punishment of a [s]tate[-j]ail [f]elony offense to that of a Class A misdemeanor in consideration of the gravity of the offense, [Appellant's] character, and [Appellant's] history, which

indicates that the [c]ourt did not take into consideration the commission of three additional felony offense[s] committed while on probation when assessing the revocation sentence; and

WHEREAS there is no evidence that permission was sought or obtained from the Parker County District Attorney's Office to allow the offenses [that are] the subject of Parker County Cause No[.] CR24-0849 or CR24-0850 to be considered as punishment in the Tarrant County Petition to Proceed to Adjudication in accordance with Texas Penal Code § 12.45[.]

The Parker County court certified Appellant's right to appeal, and she filed a notice of appeal. We requested briefing from the parties, and both Appellant and Parker County filed briefs.

### III. Analysis

**A. We set forth why Appellant's habeas claim is cognizable, the applicable standard of review, and the statutory basis for Appellant's habeas application.**

"[T]he writ of habeas corpus is an extraordinary remedy that is available only in the absence of an adequate remedy at law." *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017). Thus, a claim raised by a habeas application must be cognizable because "[t]his remedy is reserved 'for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016) (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)). There is no issue of cognizability in this matter because the Court of Criminal Appeals permits double-jeopardy claims to be raised by pretrial habeas. *See id.*

9

We review a trial court's ruling on a pretrial application for habeas relief for an abuse of discretion. *Ex parte Todman*, Nos. 02-23-00061-CR through 02-23-00064-CR, 2023 WL 4942026, at *4 (Tex. App.—Fort Worth Aug. 3, 2023, no pet.) (mem. op., not designated for publication) (citing *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006)). The trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

A habeas applicant has "the obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence." *Ex parte Darnell*, Nos. 02-19-00390-CR, 02-19-00391-CR, 2020 WL 5949928, at *7 (Tex. App.—Fort Worth Oct. 8, 2020, pet. ref'd) (mem. op., not designated for publication) (citing *Ex parte Chandler*, 182 S.W.3d 350, 353 n.2 (Tex. Crim. App. 2005)). "In conducting our review, we view the evidence in the light most favorable to the trial court's ruling and defer to the trial court's fact findings supported by the record." *Todman*, 2023 WL 4942026, at *4. On review, we must give deference to the trial court's resolution of historical facts supported by the record, as well as to the application of law to fact questions that turn on credibility and demeanor. *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). However, when the resolution of any ultimate question turns on an application of legal standards, we review the trial court's ruling de novo. *Id.* at 653. We will uphold the habeas court's judgment if it is

10

correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001).

Appellant's brief does not identify the nature of the writ under which she is seeking relief. We assume that she relies on Article 11.08 of the Code of Criminal Procedure. Article 11.08 allows an applicant indicted for a criminal offense—whose guilt has not been formally adjudicated—to challenge her confinement by a pretrial writ application. *See* Tex. Code Crim. Proc. Ann. art. 11.08; *see also Ward v. State*, 662 S.W.3d 415, 416 (Tex. Crim. App. 2020) (specifying use of Article 11.08 writ for defendant confined but not yet convicted for felony offense); *Ex parte Meltzer*, 180 S.W.3d 252, 255 (Tex. App.—Fort Worth 2005, no pet.) (op. on reh'g) ("Under [A]rticle 11.08, a criminal defendant who has been indicted, but not yet convicted, may file an application for writ of habeas corpus, that is returnable to the court in which the defendant stands indicted.").

"If a trial court denies relief on the merits [of an Article 11.08 writ application], the defendant may file an interlocutory appeal." *Ward*, 662 S.W.3d at 416. The courts of appeals have jurisdiction over that appeal. *Id.* (citing Tex. Const. art. V, § 5(b)).

## B. We set forth the double-jeopardy claim that Appellant raised in her habeas application.

Appellant's double-jeopardy argument turns on Section 12.45 of the Penal Code. She argues that the actions of the Tarrant County court triggered the following provision of the statute: "A person may, with the consent of the attorney for the

11

state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty." Tex. Penal Code Ann. § 12.45(a). The basis for her argument is that the petition to proceed to adjudication filed in Tarrant County alleged the Unadjudicated Offenses—for which she was also indicted in Parker County—as grounds to proceed to adjudication, she admitted her guilt to those offenses in Tarrant County, and thus the offenses were taken into account by the Tarrant County court when sentencing her after her guilt was adjudicated. Appellant argues that further prosecution of the Unadjudicated Offenses is barred because Section 12.45 also provides that "[i]f a court lawfully takes into account an admitted offense, prosecution is barred for that offense." *Id.* § 12.45(c); *see Dooley v. State*, No. 05-01-01914-CR, 2002 WL 31312502, at *1 (Tex. App.—Dallas Oct. 16, 2002, pets. ref'd) (not designated for publication) (analyzing double-jeopardy claim based on Section 12.45 to bar prosecution of cases indicted in another county).

C. **We set forth Appellant's argument involving Section 12.44 of the Penal Code and why we lack an adequate record to decide the question that Appellant presents.**

Appellant argues that the plea admonishments that she signed in Tarrant County demonstrate that the Unadjudicated Offenses alleged in the petition to adjudicate were taken into account when she was sentenced in Tarrant County. However, the Parker County Order concludes that the Tarrant County Judgment indicated that the Tarrant County court did not take the Unadjudicated Offenses into

12

account when sentencing Appellant. The recitations in the Parker County Order in this regard turn on two things. First, it relies on the absence of an indication that the Tarrant County court actually took the Unadjudicated Offenses into account. Second, the Parker County Order concludes that the short two-day sentence imposed on Appellant militates against a conclusion that the Tarrant County court took the Unadjudicated Offenses into account when it applied Section 12.44 of the Penal Code—a code section that allows a court to exercise leniency by sentencing a defendant charged with a state-jail felony to "the confinement permissible as punishment for a Class A misdemeanor." Tex. Penal Code Ann. § 12.44(a). Those arguments aside, we do not have a record that allows us to know what the Tarrant County court took into account.

Two recitations in the Parker County Order demonstrate why the Parker County court concluded that the Unadjudicated Offenses were not taken into account during the sentencing in the Tarrant County court. The Parker County Order notes that Appellant's plea admonishments filed in Tarrant County "include[] general language admitting to unadjudicated offenses under Section 12.45[ of the] Texas Penal Code[,] and the Tarrant County Judge took judicial notice of said admission." But the Parker County Order then concludes that "*nowhere* in the waivers, stipulations, court approval[,] or judgment does the [Tarrant County court] indicate it is taking into account[] the admitted offense(s) in assessing punishment." [Emphasis added.] The Parker County Order then gleans from the nature of the sentence imposed that the

13

Tarrant County court did not take the Unadjudicated Offenses into account. Looking to the Tarrant County Judgment's statement that the court had considered "the gravity of the offense, [Appellant's] character, and [Appellant's] history" and was exercising its power under Section 12.44 to impose only a two-day sentence, the Parker County Order concludes that this "indicates that the [Tarrant County c]ourt did not take into consideration the commission of three additional felony offense[s] committed while on probation when assessing the revocation sentence."

Section 12.44(a) of the Penal Code provides that

[a] court may punish a defendant who is convicted of a state[-]jail felony by imposing the confinement permissible as punishment for a Class A misdemeanor if, after considering the gravity and circumstances of the felony committed and the history, character, and rehabilitative needs of the defendant, the court finds that such punishment would best serve the ends of justice.

*Id.* Appellant argues in essence that the inference that the Parker County court drew from the short sentence—that the Tarrant County court did not take into account the Unadjudicated Offenses—is unsupportable. Initially, she argues that the sentence was not "illegal" and cites a case holding that the failure of a court to make a specific finding on an enhancement paragraph does not mean that a sentence within the unenhanced penalty range is "illegal." *See Baines v. State*, 418 S.W.3d 663, 674 (Tex. App.—Texarkana 2010, pet. ref'd). Further, Appellant argues that the fact that the Tarrant County Judgment recited that she was punished under Section 12.44(a) "is

14

more evidence that the court *did* take all relevant information, including the [U]nadjudicated [O]ffenses[,] into consideration."

But there is a hole in the proof of Appellant's theory because we do not know what was alleged in the specific motion to adjudicate that is referenced in the Tarrant County Judgment. The original petition to proceed to adjudication was filed in February 2024. Appellant's plea admonishments were not filed until seven months later in September 2024—on the same day that the Tarrant County Judgment was rendered. And the Tarrant County Judgment recites that Appellant had "violated the conditions of community supervision as set out in [Paragraph 1 of] the State's **Amended** Motion to Adjudicate Guilt." Thus, there is apparently an amended motion that was on file when Appellant signed her admonishments and that was the basis of the Tarrant County Judgment. But we do not have the amended motion in our record. Thus, we have no idea what it alleges. Specifically, we do not know if Appellant was admitting guilt to the Unadjudicated Offenses because we do not know what was alleged in the amended motion to adjudicate guilt to which Appellant's plea was apparently directed. Because of this failing, we do not know if the Unadjudicated Offenses were a part of what the Tarrant County court allegedly took into consideration under Section 12.44.[2]

---

[2]Parker County's brief also argues that Appellant did not admit guilt to the Unadjudicated Offenses. This argument turns on the fact that the judicial-confession section in the plea admonishments recites, "I further admit my guilt on any unadjudicated offenses set forth in the plea agreement set out above[] and request the

15

**D.     We set forth Appellant's argument under Section 12.45 of the Penal Code and why we again lack an adequate record to decide the question that she presents.**

But even if we accept Appellant's argument that the Tarrant County court considered the Unadjudicated Offenses indicted in Parker County, we must address the subsection of Section 12.45 that prohibits the sentencing court (under certain circumstances) from taking account of an unadjudicated offense without permission from another county. Again, we lack a record adequate to review Appellant's claims.

Specifically, Section 12.45(b) requires that "[b]efore a court may take into account an admitted offense over which exclusive venue lies in another county or district, the court must obtain permission from the prosecuting attorney with jurisdiction over the offense." Tex. Penal Code Ann. § 12.45(b); *see Ex parte Butler*, No. 10-13-00362-CR, 2014 WL 2466564, at *4 (Tex. App.—Waco May 29, 2014, pet. ref'd) (mem. op., not designated for publication) ("[S]ection 12.45(b) requires the

---

[c]ourt to take each into account in determining my sentence for the instant offense." According to Parker County, this statement does not "reflect that the signatories admitted Appellant's guilt of any such offenses or requested the trial court take such offenses under consideration." But as we have noted, Appellant did state the following in her plea admonishments: "I understand that if I have entered a plea of true to *any allegation* in a motion to revoke community supervision," then the court could use that in setting punishment. [Emphasis added.] Whether that is an adequate reference to Unadjudicated Offenses is another argument that we will not reach until we have an adequate record. The highlighted hole in the proof also renders us unable to address Parker County's argument that the Tarrant County Judgment only found true an allegation in the amended motion to adjudicate relating to an offense committed in Navarro County. Without knowing what the referenced amended motion to adjudicate said, we have no means to test Parker County's argument. The same holds true of Parker County's contention that the petition to adjudicate did not adequately describe the Parker County offenses.

16

sentencing court to have permission from the prosecutor with jurisdiction; it does not permit reliance upon the oral representations of defendant's counsel or the prosecutor from the court's own jurisdiction."); *Swinnie v. State*, No. 05-08-01076-CR, 2009 WL 1981849, at *4 (Tex. App.—Dallas July 10, 2009, pet. ref'd) ("Section 12.45 requires that the *trial court*, not a prosecuting attorney, obtain permission from the prosecuting attorney with jurisdiction over the offense. . . . That was not done here."); *Escobedo v. State*, 643 S.W.2d 243, 246 (Tex. App.—Austin 1982, no pet.) (["Section 12.45] also clearly requires that *the sentencing court have permission from the prosecutor* with jurisdiction over the unadjudicated offense[] and does not permit reliance upon the mere oral representations of either counsel for the accused or the prosecuting attorney of the court's own jurisdiction.").

Here, as our chronology reveals, Parker County indicted the Unadjudicated Offenses before the Tarrant County court sentenced Appellant. Nothing in the record shows that the Tarrant County court obtained permission from the Parker County prosecuting attorney before it allegedly took the Unadjudicated Offenses into account when sentencing Appellant.

To sidestep the need to prove permission was obtained, Appellant first argues that we may rely on a presumption of regularity to show that the required permission was obtained:

> The habeas court's order states that "there is no evidence that permission was sought or obtained from the Parker County District Attorney's Office to allow the offenses . . . to be considered as

17

punishment in the Tarrant County Petition to Proceed to Adjudication in accordance with Texas Penal Code § 12.45." Because the Tarrant County court records must be presumed to be lawful absent evidence of their falsity, then the habeas court should have presumed by the documents which were signed by both a Tarrant County prosecutor and a Tarrant County judge to have been done in a lawful manner to include abiding by Tex. Penal Code § 12.45. The State proffered no evidence to the contrary, and only incidentally mentioned during its arguments about "jurisdiction" that Parker County would have had to waive the right to prosecute. This is insufficient to be considered evidence that a prosecutor and judge in Tarrant County did not seek permission from the Parker County District Attorney. Parker County could have provided myriad evidence in attempts to prove otherwise but failed to do so. [Record reference omitted.]

In other words, Appellant argues that Parker County had a burden to prove a negative by showing permission was not obtained. But the burden of proof was on Appellant, not Parker County. Further, there is no recitation in the judgment that permission was obtained. "Recitals in a judgment create a 'presumption of regularity and truthfulness,' and these recitals are binding unless there is direct proof of their falsity." *Smith v. State*, 620 S.W.3d 445, 457 (Tex. App.—Dallas 2020, no pet.) (first citing *Lincoln v. State*, 307 S.W.3d 921, 922 (Tex. App.—Dallas 2010, no pet.); and then quoting *Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex. Crim. App. 1984)); *see also Harvey v. State*, 605 S.W.3d 812, 816 (Tex. App.—Houston [1st Dist.] 2020, no pet.). Here, there is no recitation that would trigger the presumption.

In addition, "[t]he presumption of regularity is a judicial construct that requires a reviewing court, 'absent *evidence* of impropriety,' to indulge every presumption in favor of the regularity of the trial court's judgment." *Murphy v. State*, 95 S.W.3d 317,

18

320 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (op. on reh'g) (quoting *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000)). Section 12.45(b) provides that the trial court *must* obtain permission. *See* Tex. Penal Code Ann. § 12.45(b). At the informal hearing of this matter, counsel for Parker County (just as counsel for Appellant) made statements about what had occurred. Counsel for Parker County stated on the record that "Tarrant County never indicted this charge, so the State would argue that under [Section] 12.45, the only proper channel would be [Section] 12.45(b) where we would have had to waive our right to prosecute these charges for that plea." *See Vaccaro v. Raymond James & Assocs.*, 655 S.W.3d 485, 491–92 (Tex. App.—Fort Worth 2022, no pet.) ("[A]n attorney's unsworn statements may be considered evidence . . . 'when the circumstances clearly indicate that the attorney is tendering evidence on the record based on personal knowledge and the opposing party fails to object.'"). The statement's implication is that Parker County did not give its permission to take the Unadjudicated Offenses into account.

Without a recital in the judgment that the Tarrant County court obtained the required statutory permission and in consideration of the implication of Parker County's counsel's statement, we will not presume based on the otherwise silent record that permission was obtained by the Tarrant County court. And there is no reason to determine this matter based on a shaky presumption when we are

19

remanding this case for a fuller hearing during which Parker County may present testimony that it did not give the permission referenced in Section 12.45(b).[3]

Next, Appellant offers a statutory-interpretation argument: Section 12.45(b) does not apply because both Tarrant and Parker Counties were venues to prosecute the Unadjudicated Offenses. Thus, Appellant argues that Parker County ignores a precondition to the application of Section 12.45(b)—permission must be sought only if the other county has exclusive venue, i.e., "[b]efore a court may take into account an admitted offense over which *exclusive* venue lies in another county or district," it must obtain permission from the prosecuting attorney. Tex. Penal Code Ann. § 12.45(b) (emphasis added). Appellant makes this argument in response to Parker County's argument in the trial court that it had *jurisdiction* over the Unadjudicated Offenses because when two counties have concurrent jurisdiction, the first county to indict the offense "retains" jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 4.16 ("When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction except as provided in Article 4.12.").[4] Thus, Parker County argued that it had won the race to indict and that Tarrant County needed its permission to take the Unadjudicated Offenses into account because Section 12.45(b) provides that "the

---

[3]At this point, we will not reach Parker County's arguments about irregularities in the Tarrant County Judgment.

[4]Article 4.12 deals with misdemeanor offenses and has no application to these cases before us. *See* Tex. Code Crim. Proc. Ann. art. 4.12.

court [taking account of the unadjudicated offense] must obtain permission from the prosecuting attorney with jurisdiction over the offense." *See* Tex. Penal Code Ann. § 12.45(b).

Parker County's brief augments its argument in the trial court by citing a 1938 opinion from the Court of Criminal Appeals that interpreted the predecessor statute to Article 4.16 to mean that the county that indicted first had control of the case, no matter whether other counties shared venue. *See Ringer v. State*, 121 S.W.2d 364, 366 (Tex. Crim. App. 1938). Parker County argues that *Ringer*'s holding means that "[o]nce Appellant was indicted in Parker County, no district court in Tarrant County had any authority or jurisdiction to hear a prosecution against Appellant for the Parker County offenses." In other words, no matter the reference to exclusive venue in Section 12.45(c), we should interpret that section to mean that Parker County's permission had to be obtained before the Tarrant County court could consider the Unadjudicated Offenses now indicted in Parker County.

We will not reach these legal arguments because the record before us is inadequate to prove Appellant's premise that both Tarrant County and Parker County had venue. Appellant's argument that both counties had venue turns on provisions governing the offense of credit-card or debit-card abuse and unique—but as of yet unproven—issues of geography.

Appellant was indicted in Parker County for the offense of "Credit Card or Debit Card Abuse Elderly" by "then and there [in Parker County, Texas, on or about

21

the 11th day of January, 2024], with intent to fraudulently obtain a benefit, present[ing] or us[ing] a debit or credit card." This offense is defined by Penal Code Section 32.31 in the following way:

(b) A person commits an offense if:

(1) with intent to obtain a benefit fraudulently, he presents or uses a credit card or debit card with knowledge that:

(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder; or

(B) the card has expired or has been revoked or cancelled[.]

Tex. Penal Code Ann. § 32.31(b)(1). In turn, the Code of Criminal Procedure places venue for this offense in the following places: "An offense under Section 32.31, Penal Code, may be prosecuted in any county in which: (1) the offense was committed; or (2) any person whose credit card or debit card was unlawfully possessed or used resides." Tex. Code Crim. Proc. Ann. art. 13A.255.

Here, Appellant contends that the debit card was stolen from a person residing in Parker County and that makes Parker County a county with venue to prosecute the offense. But according to Appellant, other facts also gave Tarrant County venue because that is where the card was fraudulently presented: Appellant apparently relies on the assertion in the offense report that the stolen card was used in Grapevine and in Azle. Specifically, Appellant's counsel argued before the trial court:

The offensive conduct that was alleged happened in Tarrant County within 400 yards of Parker County, so it's within Tarrant County. This

22

offense also carries a statutory venue -- there's a venue statute for this offense that states that it can -- the proper venue is anywhere where the offense happened, like physically happened, or where the individual whose credit card or debit card was abused resides, which in this case is, I believe, Springtown. Within -- well within Parker County. So either county would be a proper venue. And so as long as a court of competent jurisdiction within either venue took it up, there's no problem with that.

Our argument is that the Tarrant County court had proper venue. It was a felony court, a district court, the 432nd, so they had jurisdiction as well to consider any offensive conduct within its territorial jurisdiction regardless of when an indictment [was presented.][5]

And Appellant's habeas application also claimed that the offense report from the Springtown Police Department alleged that the stolen card had been used in Grapevine, Texas, which the application claimed is in Tarrant County. The offense report does mention use of the stolen debit card at Walmart in Grapevine without providing anything further about the location of the Walmart within Grapevine. Appellant's brief expands on the argument by contending, "These offenses took place

[5]The 400-yard reference to the Code of Criminal Procedure stems from its venue provision that provides that "[a]n offense committed on or within 400 yards of the boundaries of two or more counties may be prosecuted in any one of those counties." Tex. Code Crim. Proc. Ann. art. 13A.053(a); *see Parr v. State*, 299 S.W.2d 940, 941 (Tex. Crim. App. 1957) (discussing predecessor to Article 13A.053(a) and stating that it provides that "when an offense is committed within 400 yards of the boundary of any two counties, the prosecution may be conducted in either county. That statute is purely a venue statute"). Here, we are unsure why the statute would apply as Appellant argues that the card stolen in Parker County was used in Tarrant County, which we assume would give both counties venue. Indeed, at another point in the record apart from the statement we quote above, Appellant's counsel stated, "Ordinarily, I would say Parker County -- they couldn't consider a Parker County indictment or a case; however, what's interesting about this case is that the two locations for the indictments actually lie in Tarrant County. They are within 400 yards of the Parker County line with Tarrant County . . . ."

in a portion of the city of Azle located within the territorial limits of Tarrant County." And the offense report states that the stolen card was used in Azle at a "Jack in the Box" and a "QT."

Thus, the offense report indicates that the card was used in Grapevine and in Azle, but other than counsel's statements—which were mere conclusions—there is no proof that the locations of the stores within Grapevine and Azle where the card was used are in Tarrant County. This question is more than a theoretical one as the boundaries of both Grapevine and Azle are within more than one county. *See* Grapevine, Tex., Code of Ordinances, art. 1, § 1.02 (2025), https://library.municode.com/tx/grapevine/codes/code_of_ordinances?nodeId=PTIHORUCH_ART1FOGOBO_S1.02THBO (last visited Jan. 30, 2026); Azle, Tex., Home Rule Charter, art. 1, § 1.02 (2016), https://www.cityofazle.org/DocumentCenter/View/4429/Home-Rule-Charter---Amended-05-17-2016?bidId= (last visited Jan. 30, 2026).

Appellant's theory turns on proof that the venue for the Unadjudicated Offenses was also in Tarrant County because that is the county where the card was used. No evidence attached to the habeas application or offered at the hearing located those businesses or provided information about the county in which they were located other than the bald conclusory statements of counsel. Thus, what record we have to review Appellant's claims is unexplained. We are again left with a theory for which Appellant offered inadequate proof.

## IV. Conclusion

The burden of proof was on Appellant in the habeas proceeding, but as we have documented, she left so many gaps in the proof that we do not know if there are facts that support the theories raised in her habeas application. On the unique facts before us, we remand this matter to give her the opportunity to close those gaps. Usually, we may not remand a matter without concluding that the trial court committed error. *See* Tex. R. App. P. 43.3. In reviewing a habeas appeal, we operate with broader powers as the Rules of Appellate Procedure governing such appeals provide that "[t]he appellate court will render whatever judgment and make whatever orders the law and the nature of the case require." Tex. R. App. P. 31.3.

Here, fundamental factual questions that underlie Appellant's theories of relief are unanswered: (1) what unadjudicated offenses were alleged in the State's amended motion to adjudicate guilt that is referenced in the Tarrant County Judgment and thus what offenses did the Tarrant County court take into account that arguably fall under the sway of Section 12.45; and (2) what facts are there to support Appellant's claim that venue for the Unadjudicated Offenses is in Tarrant County because the stolen debit card was presented or used in Tarrant County? We are not remanding this matter based on a present conclusion that the Parker County court committed error in denying Appellant's application for a writ of habeas corpus. Instead, we do so because the record before us currently constitutes smoke rather than fire, but Appellant presents legal arguments that, if they are supported by facts, should be

25

answered.  We therefore remand to give Appellant an opportunity to create a record that provides a factual basis for the legal theories that she presents—a record that at this point does not exist.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 5, 2026